**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMAPOUGH MOUNTAIN INDIANS, INC., et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>TOWNSHIP OF MAHWAH, et al.,<br><br>  Defendants. | Civil Action No.: 2:18-cv-09228<br><br>**ORDER** |

**CECCHI, District Judge.**

WHEREAS on May 14, 2018, Plaintiffs Ramapough Mountain Indians, Inc. and Ramapough Lanape Nation ("Plaintiffs") filed a complaint against Defendants Township of Mahwah, Ramapo Hunt and Polo Club Association, Inc., Geraldine Entrup, and Thomas Mulvey ("Defendants"), (ECF No. 1), and on June 7, 2018, Plaintiffs filed a motion for a temporary restraining order ("TRO"). (ECF No. 12); and

WHEREAS Plaintiffs' TRO asks this Court for an order:

> Immediately restraining and enjoining [D]efendants . . . from actual enforcement, self-help, or imposing cumulative fines against [Plaintiffs] . . . . [S]taying local proceedings in the Mahwah municipal court . . . . [E]njoining, restraining and prohibiting [D]efendants from pursuing . . . injunctive relief in the pending State Court actions . . . or from attempting to enforce any Order or Judgement [sic], or collect fines, that may be issued in such cases . . . . [E]njoining, restraining and prohibiting [D]efendants from demanding . . . [other relief] in the pending State Court actions . . . or from attempting to enforce any Order or Judgment [sic] that may be issued in such cases . . . . [E]njoining, restraining and prohibiting [D]efendants from issuing further Summonses . . . or from attempting to enforce any Order or Judgement [sic], or to collect any fines, that may be issued in the Mahwah municipal court[.]

(ECF No. 12-13 at 2-5); and

WHEREAS "[b]efore determining whether Plaintiff[s] satisf[y] the four requirements for obtaining an *ex parte* temporary restraining order, this Court must first determine whether such an

order would be prohibited by the Anti-Injunction Act[.]" *Oliver v. Ricci*, No. 17-140, 2017 WL 2559623, at *2 (W.D. Pa. June 13, 2017); and

WHEREAS "[u]nder the Anti-Injunction Act, '[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *Marchetta v. City of Bayonne State of New Jersey*, No. 12-2696, 2012 WL 12894177, at *1 (D.N.J. June 6, 2012) (quoting 28 U.S.C. § 2283); and

WHEREAS "[t]he Supreme Court has explained that the Anti-Injunction Act 'is an absolute prohibition . . . against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions'" enumerated above. *Id.* (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)); and

WHEREAS Plaintiffs contend that "[t]he instant case fits within several recognized exceptions to the Anti-Injunction[] Act . . . . [including because] it is a Section 1983 action . . . . [and] injunctions may be granted against state proceedings where fundamental constitutional rights are chilled by the state action."[1] (ECF No. 12-1 at 10 (citing *Mitchum v. Foster*, 407 U.S. 225 (1972); *Grove Press Inc. v. City of Phila.*, 418 F.2d 82 (3d Cir. 1969))); and

---

[1] Plaintiffs also aver that this case falls within an exception of the Anti-Injunction Act because their complaint alleges claims under the Religious Land Use And Institutionalized Persons Act ("RLUIPA"), which "itself has been held to support a stay against state proceedings[.]" (ECF No. 12-1 at 10-11 (citing *Cottonwood Christian Ctr. v. Cypress Redevelopment Agency*, 218 F. Supp. 2d 1203 (C.D. Cal. 2002))). Nonetheless, the court in *Cottonwood* explicitly considered whether, even if the Anti-Injunction Act did not apply, it was required to refrain from staying the state court matter under the *Younger* abstention doctrine. *See id.* at 1218. Unlike here, the state court matter in *Cottonwood* was initiated *after* the federal action was instituted. *See id.* Accordingly, Plaintiffs' argument is without merit. *See infra* (discussing the reasons why the Court may not issue Plaintiffs' TRO pursuant to the *Younger* abstention doctrine).

WHEREAS "[w]hile actions arising under § 1983 qualify under the 'expressly authorized' exception to the Anti-Injunction Act, a federal court is still restrained by 'the principles of equity, comity, and federalism . . . when asked to enjoin a state court proceeding.'" *Harris v. Hershey Med. Ctr.*, No. 08-843, 2008 WL 5278730, at *3 (M.D. Pa. Dec. 18, 2008) (quoting *Mitchum*, 407 U.S. at 243); and

WHEREAS in deciding whether a federal court is restrained by such principles, courts are guided by the *Younger* abstention doctrine, which considers whether: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Zaklama v. City of Bayonne*, No. 06-1951, 2007 WL 63998, at *3 (D.N.J. Jan. 5, 2007); and

WHEREAS Plaintiffs have provided a list to the Court of the ongoing proceedings that they seek to enjoin in this matter, which include two New Jersey state superior court proceedings and two New Jersey municipal court proceedings, all of which were initiated before this federal action was instituted. (ECF No. 12-1 at 23). Plaintiffs' request that this Court intervene in the state and municipal court actions is barred by the *Younger* abstention doctrine. *See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982); *Younger v. Harris*, 401 U.S. 37, 43-54 (1971). This Court simply has no authority to interfere with the state and municipal court actions because important state interests are implicated therein, and because there is an

---

Moreover, the Court acknowledges Plaintiffs' argument that "the Third Circuit reversed a *Rooker-Feldman* dismissal and allowed an RLUIPA case to proceed[.]" (ECF No. 12-1 at 9 (citing *E. Hill Synagogue v. City of Englewood*, 240 F. App'x 938 (3d Cir. 2007))). First, the Court notes that in rendering this decision, the Court neither relies on *Rooker-Feldman* nor dismisses Plaintiffs' claims at this time. Second, the Court points out that in *E. Hill Synagogue*, the court found *Rooker-Feldman* inapplicable because the injury complained of did not stem from a state court judgment, but rather stemmed from a decision of a local planning board. *See id.* at 940-41.

adequate opportunity to raise federal claims therein. *See Zaklama*, 2007 WL 63998, at *3 (denying plaintiff's motion for a temporary restraining order requesting that defendants be prohibited from prosecuting him in municipal court based on the *Younger* abstention doctrine); *Marchetta*, 2012 WL 12894177, at *1 (denying plaintiff's request for a preliminary injunction barring defendants from pursuing their case against plaintiff in municipal court despite plaintiff's filing of a complaint in federal court alleging constitutional violations); *Bey v. Passaic Mun. Court*, No. 13-2653, 2013 WL 1949856, at *2 (D.N.J. May 9, 2013) (holding that "[t]he *Younger* abstention doctrine bars this Court from entertaining Plaintiff's action to enjoin the Passaic Municipal Court and its officers from proceeding with the criminal action pending against him . . . . [because] [t]he state action is ongoing, implicates important state interests . . . and affords [Plaintiff] an adequate opportunity to raise his [constitutional claims]"); *Massey v. Pfeifer*, No. 17-00173, 2017 WL 6729366, at *1 (W.D. Pa. Oct. 27, 2017) (denying plaintiff's motion for preliminary injunction and temporary restraining order seeking to prohibit defendants from prosecuting plaintiff in state court because of the *Younger* abstention doctrine); *Testa v. Hoban*, No. 16-0055, 2016 WL 4820631, at *9 (D.N.J. Sept. 14, 2016) ("The Third Circuit has held that 'a federal district court may not exercise jurisdiction over a municipal court proceeding.' Consequently, this Court does not have the authority to order the . . . stay of any proceedings in the Municipal Court of Union Township.") (citations omitted); and

WHEREAS although the Court recognizes that the *Younger* abstention doctrine may also require that this Court abstain from adjudicating the claims in Plaintiffs' complaint, the Court will defer on that decision pending Defendants' submission of motions to dismiss or answers to Plaintiffs' complaint.

Accordingly, IT IS on this \_\_11\_\_ day of \_\_June\_\_, 2018, in the interests of justice and for good cause shown:

**ORDERED** that Plaintiffs' TRO, (ECF No. 12), is hereby **DENIED.**

**SO ORDERED.**

                                                **CLAIRE C. CECCHI, U.S.D.J.**