**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RAMAPOUGH MOUNTAIN INDIANS INC., and RAMAPOUGH LENAPE NATION,<br><br>               Plaintiffs,<br><br>v.<br><br>TOWNSHIP OF MAHWAH, RAMAPO HUNT & POLO CLUB ASSOCIATION, INC., GERALDINE ENTRUP, THOMAS MULVEY, JOHN and JANE DOES 1 THROUGH 14, JOHN DOE ENTITIES 1 AND 2,<br><br>               Defendants. | Civil Action No. 2:18-cv-09228-CCC-JBC<br><br>*Document Electronically Filed* |

**RESPONSE BRIEF OF DEFENDANT RAMAPOUGH HUNT & POLO CLUB ASSOCIATION, INC.'S, IN SUPPORT OF THE DEFENDANTS TOWNSHIP OF MAHWAH, GERALDINE ENTRUP, AND THOMAS MULVEY'S MOTION TO DISMISS THE COMPLAINT**

Arthur N. Chagaris, Esq.
John J. Lamb, Esq.
Martin R. Kafafian, Esq.
**BEATTIE PADOVANO, LLC**
Attorneys for Defendant,
*Ramapo Hunt & Polo Club Association, Inc*.
50 Chestnut Ridge Road, Suite 208
Montvale, NJ 07645
Telephone: (201) 573-1810
Facsimile:  (201) 573-9736
achagaris@beattielaw.com
jlamb@beattielaw.com
mrk@beattielaw.com

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT**................................................................1

**STATEMENT OF FACTS**....................................................................2

**ARGUMENT**.........................................................................................7

**POINT I**  THIS COURT DOES NOT HAVE JURISDICTION OVER PLAINTIFFS' CLAIMS CHALLENGING APPLICATION OF THE TOWNSHIP'S ZONING ORDINANCES AS THEY ARE NOT YET RIPE DUE TO PLAINTIFFS' FAILURE TO SUBMIT EVEN ONE MEANINGFUL APPLICATION FOR A FINAL DETERMINATION.........7

**POINT II**  PLAINTIFFS ARE BARRED BY THE DOCTRINE OF RES JUDICATA FROM CHALLENGING THE REVOCATION OF THE 2012 PERMIT PERMITTING CONSTRUCTION OF A LONG HOUSE...........................14

**POINT III** PLAINTIFFS' CLAIMS CHALLENGING THE REVOCATION OF THE 2012 PERMIT PERMITTING CONSTRUCTION OF A LONG HOUSE FOR RELIGIOUS PRAYER AND CULTURAL ASSEMBLY ARE BARRED BY THE YOUNGER DOCTRINE...........16

**CONCLUSION**....................................................................................18

## TABLE OF AUTHORITIES

### *Cases*

*Bennun v. Rutgers State Univ.,*
    941 F.2d 154(3d Cir. 1991)..........................................................................16

*Congregation Anshei Roosevelt v. Planning and Zoning Bd. of Borough of*
    *Roosevelt,* 338 Fed. Appx. 214 (3d Cir. 2009)................................................7

*Pappas v. Tp. of Galloway,*
    565 F. Supp.2d 581 (D.N.J. 2008).........................................................17, 18

### *Statutes , Rules, Regulations and Other Authorities*

N.J.S.A. 40:55D-70....................................................................................12

The Ramapo Hunt & Polo Club Association, Inc. (hereinafter referred to as the "Association") submits this Response Brief in support of the motion to dismiss filed by the Township of Mahwah, Geraldine Entrup, and Thomas Mulvey (hereinafter referred to as the "Township").

## PROCEDURAL BACKGROUND

Pursuant to the Scheduling Order set by Your Honor, Defendants' Motions to Dismiss were to be filed by July 18, 2018.  Defendant Township filed its Motion to Dismiss on that date.  Defendant Association similarly moved to dismiss the Complaint.  Thereafter, all replies to the Motions to Dismiss were due on or before August 17, 2018.  That was subsequently extended until September 21, 2018.  This letter will constitute the Defendant Association's Responsive Brief to Defendant Township's Motion to Dismiss.

The Association joins in the Township's position which contains additional information and arguments than supplied by Defendant Association in its Motion to Dismiss.  The Association wishes to provide a brief response, to the extent not already referred to in the Association's separate Motion to Dismiss.  This Response Brief is limited to the additional information and/or provide qualifications to the Township's position (and is intended not to repeat the contents of the Association's separate Motion to Dismiss).

1

## STATEMENT OF FACTS

In addition to the facts as set forth by Defendant Township (and those by the Association in its separate Motion to Dismiss), it should be noted that Plaintiff[1] claims that the Sweet Water Prayer Circle program has been operating "for decades."  *See* Complaint ¶ 27.  This is inaccurate.  The Sweet Water Prayer Circle was only established in 2016.  The RMI's own Facebook page includes a post from the RMI calling for the "1 Year Anniversary of Split Rock Sweetwater Prayer Camp" to be held on October 1, 2017.  *See* Declaration of Martin R. Kafafian ("Kafafian Decl."), **Exhibit "A."**

As noted by Defendant Township, Mahwah's C-200 Conservation Zone allows the following permitted principal uses:

    a.  public open space, including hiking, horseback riding, wildlife preserves, arboretums, botanical gardens, historical edifices, woodland areas, and hunting and fishing facilities;

    b.  agricultural uses and farms;

    c.  single-family detached residences; and

    d.  municipal facilities.

---

[1]  This Response Brief will refer to "Plaintiff" (singular), which is the Ramapough Mountain Indians, Inc. ("RMI").  As the other named plaintiff, the Ramapough Lenape Nation, is not a legal entity or sovereign nation, it is not further referenced.  To the extent necessary, the Ramapough Lenape Nation is considered part of Plaintiff RMI.

2

In addition to the permitted principal uses, a number of accessory and conditional uses are permitted in this zone, none of which apply to the uses being undertaken at the Property.  *See* Kafafian Decl., **Exhibit "B"** Schedule of Uses; *see also,* Mahwah Ord. 24-4.1.  The Schedule of District Use Regulations – Township of Mahwah provides the C-200 Zone (as reproduced from the Mahwah Zoning Code) has the following uses:

| Zone | Permitted Principal Uses | Permitted Accessory Uses | Conditional Uses |
|---|---|---|---|
| C-200 Conservation (see subsection 24-6.1,  paragraph e) | 1. Public open space, including hiking, horse back riding, wildlife preserves, aboretums, botanical gardens, historical edifices, woodland areas, hunting and fishings [sic] facilities, other similar uses. | 1. Private garages subject to subsection 24-6.8, paragraph a. | 1. Essential services subject to subsection 24-6.9, paragraph b. |
| | 2. Agricultural uses, farms, subject to subsection 24-6.1, paragraph a. | 2. Swimming pools subject to subsection 24-6.8, paragraph b. | |
| | 3. Single-family detached residences, with 200,000 sq. ft. minimum lots. | 3. Signs. | |
| | 4. Municipal facilities. | 4. Off-street parking subject to the Mahwah Township Site Plan Ordinance. | |
| | | 5. Accessory uses customarily incidental to a permitted principal use. | |

Religious uses and houses of worship are permitted in numerous zoning districts of the Township of Mahwah, including but not limited to, the following eighteen (18) different zoning districts: R-80, R-40, R-20, R-15, R-10, R-11, R-5, GA-200, RM-6, PRD-4, PRD-6, B-40, B-200, B-12, B-10, CEM, and CB.  *Id.*

3

Only nine (9) zones do not permit a house of worship or religious use (with four

zoning districts that have permitted uses which are not legible on the official

Zoning Ordinance which Plaintiff has obtained so it is unable to determine at the

present time).  *Id.*  The C-200 Conservation Zone is one of the nine zones that do

not allow such a religious use.  Clearly, the Township of Mahwah has amply

provided for religious uses in the Township.

Ordinance Section 24-4.1 is therefore violated by the uses and activities of

the RMI.  Religious uses and houses of worship, or religious activities, are not

permitted uses (or conditionally permitted uses) in the C-200 Conservation District

pursuant to § 24-4.1 of the Township of Mahwah Zoning Ordinance.  That Section,

reproduced above, contains the Schedule of District Regulations permitted in the

aforesaid C-200 Conservation District.

The use of the Property for a religious use, including but not limited to, a

house of worship and/or prayer facility and/or prayer camp, also violates § 24-4.2

of the Township of Mahwah Zoning Ordinance.  That Section provides that "No

building or structure shall be erected and no existing building or structure shall be

moved, altered, added to or enlarged, <u>nor shall any land</u> or building be designed,

<u>used or intended to be used for any purpose</u> or in any manner other than as

specified among the uses hereinafter listed as permitted in the district in which

such building or land is located."  [Emphasis supplied].

4

The subject property is one of 30 lots on the other side of the single access, one-lane bridge to the Ramapo Hunt & Polo Club community. All the homes (*i.e.*, 29) are used for residential purposes. The RMI Property is the first lot in the community after one crosses the single access, one-lane bridge. It is at the gateway of the community.

Defendant Township notes (in its Brief in support of Motion, page 9) that Plaintiff raised the same issues involved in the subject Complaint in a Superior Court action that was brought by the Township against Plaintiff for injunctive relief to enforce its Zoning Ordinances under Docket No. BER-L-003189-17 (sometimes referred to as the "Township State Court Zoning Enforcement Action"). The Township properly notes in its moving Brief that:

> The Answer filed by Plaintiffs [in that separate Township State Court Zoning Enforcement Action] clearly raises the very same issues that are being raised affirmatively in the matter at bar, including the issue of whether the Township's efforts to enforce its Zoning Ordinances by issuing Summonses constitutes a substantial burden on the exercise of religion, allegedly in violation of RLUIPA.

To further support this claim, Defendant Association also notes that the RMI filed an Answer to the Association's State Court Zoning Enforcement Action, under Docket No. BER-L-006409-17) (*see* Kafafian Decl., **Exhibit "C"**). Plaintiff RMI also raises substantially the same affirmative defenses as raised by the RMI in its

5

Answer to the Township State Court Zoning Enforcement Action, including, in particular, the RLUIPA allegations.

The Association has previously noted (in Defendant Association's moving Brief in support of its Motion to Dismiss), that these issues were also raised in the RMI's land use application to the Mahwah Board of Adjustment. (*See* July 18, 2018 Declaration of John J. Lamb[ECF#28-17], previously filed with the Association's Motion to Dismiss, Exhibit "A", which is the use variance application of Plaintiff RMI; *see also*, the replies by Association to these same arguments to the Mahwah Board of Adjustment also attached in that Lamb Declaration).

The Defendants have therefore been subjected to the same types of arguments before the Mahwah Board of Adjustment, the Township State Court Zoning Enforcement Action, and in the Association's State Court Zoning Enforcement Action.  Respectfully, how many times do the Defendants have to argue that Plaintiff is not a sovereign nation; that it is not exempt from the zoning laws; that RLUIPA does not yet apply and is premature; that the Plaintiff has not developed a record or exhausted administrative remedies; and that Plaintiff is clearly and unequivocally violating multiple Zoning Ordinances on a continual basis since the fall of 2016?  This goes to the heart of the issues as to why the Federal Action should be dismissed.

6

**ARGUMENT**

**POINT I**[2]

**THIS COURT DOES NOT HAVE JURISDICTION OVER PLAINTIFFS' CLAIMS CHALLENGING APPLICATION OF THE TOWNSHIP'S ZONING ORDINANCES AS THEY ARE NOT YET RIPE DUE TO PLAINTIFFS' FAILURE TO SUBMIT EVEN ONE MEANINGFUL APPLICATION FOR A FINAL DETERMINATION.**

Plaintiff RMI needs to file a land use application before the Mahwah Board of Adjustment (or other land use board) and pursue that application to conclusion before any such Federal claims can become ripe.  This will enable the creation of a record, with witnesses, testimony and exhibits, in which all parties and their witnesses have been subject to cross-examination.  As the Mahwah Board of Adjustment has not yet ruled, there is always the possibility that the Plaintiff, as an applicant before the Mahwah Board of Adjustment, might receive all or part of the approval of the project.  Until that happens, this case is simply not ripe for proceeding.  A land use board has not yet been given a meaningful opportunity to arrive at a final decision.  *See Congregation Anshei Roosevelt v. Planning and Zoning Bd. of Borough of Roosevelt*, 338 Fed.App.x 214, 219 (3d Cir. 2009).

The RMI initially applied for a zoning permit in 2012 for a single longhouse (the "2012 Zoning Permit").  Thereafter, that longhouse was voluntarily taken down by the RMI (even before the subsequent Township rescission of that Zoning

---

[2] The Brief Points numbered here correspond to the Brief Points as numbered in the Township's Brief.

7

Permit), thereby rendering that 2012 Zoning Permit moot when the building the subject of the Permit was removed.  The RMI then constructed another longhouse, in another location, and in a different size, but without any permits or approvals, including another zoning permit.  At the current time, that second longhouse was also removed and/or dismantled.  The RMI is therefore at least avoiding a fine by the Township, as that structure does not currently exist on the Property (*i.e.*, the Township is not issuing summonses to the RMI for any structure that was removed).

As stated, the Township of Mahwah carefully reviewed that 2012 Zoning Permit (for a single longhouse) and finally rescinded it by letter dated September 15, 2017.  Plaintiff had the right to appeal that permit revocation under the New Jersey Municipal Land Use Law and failed to timely do so.  Plaintiff RMI thereafter (untimely) appealed that rescission, but later stipulated by Consent Order that it would no longer challenge the 2012 Zoning Permit rescission.  As such, the decision of the Township is deemed correct (*i.e.*, there was a valid rescission and the Permit was issued in error), the Plaintiff is bound by it, and that outcome as to the invalidity of the 2012 Zoning Permit is *res judicata*.

Almost five years after the 2012 Zoning Permit, in April of 2017, Plaintiff RMI filed a new application for a zoning permit for a multitude of structures, uses and activities (hereinafter sometimes the "2017 Zoning Permit Application").  (*See*

8

Lamb Declaration, Exhibit "A" filed with the Association's Motion to Dismiss).
The Township thereafter clearly advised Plaintiff RMI the reasons why the
application for the 2017 Zoning Permit would be denied.  (Lamb Declaration,
Exhibit "A").  Plaintiff could have also timely appealed that administrative
decision by the Township on April 13, 2017, but chose not to do so.  But that does
not mean Plaintiff is without options.  Plaintiff can file the appropriate land use
application for any uses, activities or structures it wants—at any time.  The filing is
totally within Plaintiff's control.  Thus far, Plaintiff would rather litigate against
everyone, costing everyone substantial legal fees and expenses, and subject itself to
the issuance of many summonses, risking the imposition of substantial fines,
because it believes it does not have to follow the Zoning Ordinances and laws that
every other citizen, taxpayer, and resident in Mahwah is subject to.

While Plaintiff disputes the numerous zoning ordinance and other ordinance
violations, the fact remains that after a lengthy trial, the Presiding Judge of the
Municipal Courts in Bergen County, Judge McGeady, determined that the RMI
was guilty of 103 separate violations of the zoning ordinances.  Even though that
decision is on appeal, those convictions confirm that the position of the Township
in enforcing the Zoning Ordinances was correct.  At least one Judge, after a full
trial in this matter that continued for six days over a period of several months,
found Plaintiff RMI guilty.  It is curious why Plaintiff would even make a claim of

9

being discriminated against in the enforcement of the Zoning Ordinances when it was given plenty of warnings.  The Township gave the RMI time to file a land use application, then gave it an extension when it failed to do so by a deadline by which it agreed to file.  The RMI finally did file after an extension, but then did not file a "complete" application.  It did not even pay the required escrow fees for the Board's professionals.  It failed to submit a site plan.  The RMI then even failed to proceed with the incomplete application.  The RMI withdrew same.  It was after all of this that the Township was finally forced to issue Summonses.  Plaintiff RMI was then found guilty of most of those summonses.

These are critical and complicated factors which must be reviewed when any appropriate land use body reviews the proposed development of the subject property.  The subject property is in a flood plain and floods in severe rain events. More than 80% is in the flood zone.  This is a critical factor which a local land use board must consider.

Moreover, and not mentioned by the Township in its Moving Brief, is the fact that the sole access to the subject Property, and the Ramapo Hunt & Polo Club community, is by a one-lane (single access) bridge.  This is the only way in and out of the community.  This is the only way to or from the subject Property.  There is no street parking as well in this residential development.  It is in this context in which the RMI wants to turn a vacant parcel—at the gateway of the community—

10

into a development where hundreds of people can gather.  As there is no street parking, parking would have to be on site and/or bused in from a remote location. This is the plan of the RMI for Defendant's Community.  This is the entrance of this once tranquil and peaceful Community, which has been forced to contend with this intense use which is totally out of character with the residential neighborhood.

While the Association agrees with the Defendant Township's arguments, it should be noted that the Township discussed "conditional uses."  (*See* Defendant Township Brief, p. 19 - 21).  Respectfully, Plaintiff RMI does not need a "conditional use" variance (as discussed in the Statement of Facts herein), but a use variance.  While a conditional use is a use that is permitted, but only on the satisfaction of certain specified conditions, this proposed religious, assemblage, camping use is not conditionally permitted in the C-200 Zone.  The uses are in fact prohibited—in their entirety.  As previously stated, many zoning districts in Mahwah allow religious use as expressly permitted, but the C-200 Conservation Zone is simply not one of them.  In Mahwah, any use not expressly permitted is prohibited.  *See* Mahwah Ordinance, Section 24-4.3 ("Any use not specifically designated as a principal permitted use, an accessory use or a conditional use is specifically prohibited from any zone district in the Township.").  Moreover, Plaintiff seeks to conduct a myriad of other non-permitted uses, in addition to the religious use, which are also not permitted (*i.e.*, large public assemblies, showing

11

movies outdoors to large numbers, selling food and beverages, overnight camping, schooling for various purposes, etc.).

While the Court has been presented with much detail and background concerning the proposed uses and Ordinances, the simple fact remains that irrespective of what is proposed by Plaintiff RMI, it needs local governmental (and other governmental) approvals on this Property.  Plaintiff has steadfastly refused to make an application that is processed to its conclusion (other than the application before the Mahwah Board of Adjustment it made and then withdrew and the zoning permit applications previously discussed).  The record shows that the Township has been telling the Plaintiff it needs governmental approvals—for years.  However, Plaintiff RMI have just ignored the advice, and then sued everyone because they don't like what they are told.  But it is more than the RMI just being "told."  The Mahwah Zoning Ordinances clearly and unequivocally regulate all of the uses, structures and activities on the Property.

As discussed in Defendant Township's Brief (p. 21 – 22), the Municipal Land Use Law, *N.J.S.A.* 40:55D-70, provides that the variance cannot be granted without a showing that such variance or other relief can be granted without substantial detriment to the public good and will not substantially impair the intent and the purpose of the zoning plan and zone ordinance.  This Court, or for that matter, any court, is not the appropriate forum to make these determinations,

consider multiple witnesses, consider the local zoning ordinances, and decide how they are applied.

Defendant Township properly points out that adjacent property owners within 200 feet, and other parties defined as "interested parties" under the Municipal Land Use Law, are entitled to notice of that application and the right to be heard before any application is considered or approval is granted.  As a matter of procedure, property owners within 200 feet of the subject property include not only the Association (which is the owner of the roads and Bridge), but also individual property owners—from all sides of the property, including those beyond the Ramapo Hunt & Polo Club community.

Defendant Association's counsel only represents the non-profit corporation of the Association in this action.  It does not represent individual homeowners in this litigation (even those who are part of the Ramapo Hunt & Polo Club community).  An individual homeowner would be entitled to "weigh in" on that application and provide comments.  Indeed, a taxpayer in Mahwah not within 200 feet could also "weigh in" on the application (if and when it is filed), as a member of the public.  All the property owners within 200 feet, including neighbors on all sides, are <u>not</u> parties to the subject Federal Court action.  Defendant Association therefore reiterates what is provided in its motion and agrees with the Township

that the Complaint must be dismissed for failure to state a claim and for lack of

subject matter jurisdiction.

## POINT II

**PLAINTIFFS ARE BARRED BY THE DOCTRINE OF *RES JUDICATA* FROM CHALLENGING THE REVOCATION OF THE 2012 PERMIT PERMITTING CONSTRUCTION OF A LONG HOUSE.**

Defendant Association also supports the arguments made by Defendant

Township in Point II.  Plaintiff's allegations in its Complaint with respect to the

2012 Zoning Permit are perhaps interesting by way of background, but it is

certainly not the reason why liability can be asserted against the Defendants.  In

fact, it is part of the reason why liability cannot be asserted against the Defendants.

The record reveals detailed reasons why the RMI must apply to the local land use

board.  The 2012 Zoning Permit became moot because the longhouse was

removed.  It was then successfully rescinded by Defendant Township.  We note in

particular, the Complaint alleges in paragraphs 99 through 102 as follows:

> 99.    Defendants Geri Entrup and Thomas Mulvey have individually executed orders and actions to stop Ramapough assembly and prayer, among other acts, in contravention to Ramapough's constitutionally guaranteed civil rights.

> 100.   Defendant Mahwah's town engineer, Michael Kelly, sent a letter to Ramapough purporting to rescind a 2012 permit for religious use and an earlier

14

> configuration of the Prayer Circle *sua sponte* and without notice of hearing.
>
> 101.   Defendants Mahwah and the Polo Club's actions were motivated by the intent to interfere with Plaintiff's civil rights, and defendants and their agents were at all times aware that they were acting in violation of federal laws.
>
> 102.   Defendants have infringed upon Ramapough's property interests in a manner that is arbitrary or irrational and/or based upon no legitimate reason or rational interpretation of the law.

As properly noted by Defendant Township in its Brief, *res judicata* now precludes any argument with respect to that previous 2012 Zoning Permit, which, as a matter of law, must now be considered as issued in error and which error was properly rectified by the Township (for the detailed reasons set forth in that rescission). Again, not only was that 2012 Zoning Permit limited to a single longhouse, but the face of the permit indicates that it is "not a construction permit" (even though the RMI did construct it). The longhouse was eventually removed after the 2012 Zoning Permit was issued in any case. Moreover, the RMI did submit a subsequent plan for structures and uses, which were rejected by the Township because it needed land use approvals, and that decision could have also been appealed by the RMI, but was not.

Defendant Association has argued many of the issues (now raised in the Federal Court action), which were also raised by Plaintiff before the Mahwah

Board of Adjustment (*see* Lamb's Declaration filed with Defendant Association's Motion to Dismiss), and in the Association State Court Zoning Enforcement Action in the Superior Court in Bergen County.  The simple question the Association has is:  how many times, and in how many court cases, does the Association have to be involved in these issues?  The Entire Controversy Doctrine is designed to keep such issues in a single proceeding.  *See* the cases cited by the Defendant Township in its Brief, p. 24.  Respectfully, one could not seriously argue that there is not a "commonality of facts" and not a "commonality of issues, parties or remedies" concerning these other disputes.  *See also*, *Bennun v. Rutgers State Univ.*, 941 F. 2d 154, 163 (3d Cir. 1991).

In summary, Plaintiff's Complaint should be dismissed because there are other State Court proceedings (and there were prior administrative proceedings as well).  These issues were previously raised and are still being raised in the current State Court Actions.  And there was the other State Court case brought by Plaintiff RMI (the 2012 Zoning Permit rescission case), that became final when it was dismissed—with prejudice.

## POINT III

**PLAINTIFFS' CLAIMS CHALLENGING THE REVOCATION OF THE 2012 PERMIT PERMITTING CONSTRUCTION OF A LONG HOUSE FOR RELIGIOUS PRAYER AND CULTURAL ASSEMBLY ARE BARRED BY THE *YOUNGER* DOCTRINE.**

16

Defendant Association will not repeat a discussion of the *Younger* case, as it has already discussed same in its Motion and discussed by the Township.  It is, however, noteworthy to discuss the similarities of this subject case with *Papas v. Twp. of Galloway*, 565 F. Supp. 2d 581(d) N.J. 2008.  In that case, the Pineland Commission discovered that Plaintiff had conducted unauthorized development of freshwater wetlands in violation of the Pinelands Protection Act and the comprehensive management plan.  Similarly, in this case, Plaintiff was discovered to have conducted unauthorized development of property under the local Mahwah Zoning Ordinances, and without any local zoning permits, construction permits, use variances, and/or site plan approval.  The Commission ruled against the applicant in that case, and the plaintiff in that case, appealed to the Appellate Division.  The appeal was pending when the plaintiff filed the Federal Court action which was eventually dismissed.

Similarly, in this case, there is a myriad of other actions currently pending and/or are on appeal (*see* the six State Court actions and four other actions relevant to this matter previously discussed in Defendant Association's Moving Brief [ECF#28-1, pages 4-5).  These are pending cases when Plaintiff filed its Federal Court action.  This case should therefore be dismissed, like in *Papas*.

There has been a more than adequate opportunity for Plaintiff to pursue these issues in the numerous other proceedings.  It should be noted that the

Defendant Township's State Court Zoning Enforcement Action was filed on May 9, 2017.  The Defendant Association's State Court Zoning Enforcement Action was filed on September 22, 2017.  Like in *Papas*, this latest Federal action should be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, the motion to dismiss brought by defendants Township of Mahwah, Geraldine Entrup and  Thomas Mulvey should be granted.

Respectfully submitted,

**BEATTIE PADOVANO, LLC**
Attorneys for Defendant,
*Ramapo Hunt & Polo Club*
*Association, Inc*.

September 21, 2018

By:   /s/ Arthur N. Chagaris
Arthur N. Chagaris, Esq.
John J. Lamb, Esq.
Martin R. Kafafian, Esq.
50 Chestnut Ridge Road, Suite 208
Montvale, NJ 07645
Telephone: (201) 573-1810
Facsimile:  (201) 573-9736
achagaris@beattielaw.com
jlamb@beattielaw.com
mrk@beattielaw.com

18

3310424_1\180480