Aaron Kleinbaum (Attorney ID 002681991)
Raghu Murthy (Attorney ID 006042008)
Eastern Environmental Law Center
50 Park Place, Suite 1025, Newark, NJ 07102
973.424.1166
akleinbaum@easternenvironmental.org

Thomas Williams, Esq. (Attorney ID 009361973)
220 Franklin Turnpike, Mahwah, NJ 07430
201.529.4420
twwesq@optonline.net

*Attorneys for Defendants, Ramapough Mountain Indians Inc.*

| | |
|---|---|
| RAMAPO HUNT & POLO CLUB ASSOCIATION INC., <br><br> Plaintiff. <br><br> vs. <br><br> RAMAPOUGH MOUNTAIN INDIANS INC. and TOWNSHIP OF MAHWAH, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION - BERGEN COUNTY DOCKET # BER-L-6409-17 <br><br> CIVIL ACTION <br><br> **DEFENDANT'S ANSWER TO VERIFIED COMPLAINT** |

Defendant Ramapough Mountain Indians Inc. ("Ramapough"), by way of answer to the Verified Complaint by Plaintiff, the Ramapo Hunt & Polo Club Association Inc., say:

## PREAMBLE

### A. The Parties

1.    Ramapough neither admits nor denies the allegation in Para. 1,  but leaves Plaintiff to its proofs.

2.     Ramapough admits that it is a nonprofit organization organized under the laws of New Jersey, and that the Ramapough owns Sweet Water, the property located at Block 1, Lot 131, 95 Halifax Road in Mahwah Township.

3.     Para. 3 sets forth legal arguments rather than factual allegations, to which no response is warranted.

4.     Ramapough admits that Plaintiff's Complaint concerns alleged violations of the Township Ordinances and Codes. Ramapough denies that any of its activities at Sweet Water violate any law, and denies the remainder of the allegations in Para. 4.

5.     Ramapough admits that the Township has filed an action against the Ramapough in Bergen County Superior Court with Docket # BER-L-3189-17.

6.     Para. 6 sets forth legal arguments rather than factual allegations, to which no response is warranted.

7.     The Ramapough denies that any Ramapough activities at Sweet Water violate any Ordinances, or escalate any "problems." The remainder of Para. 7 sets forth legal arguments rather than factual allegations, to which no response is warranted.

## B. The Property and Zoning

8.      Ramapough admits that it acquired Sweet Water by Deed dated July 7, 1995.

9.     Ramapough admits that Sweet Water covers 13.63 acres in Mahwah's C-200 Conservation Zone. The Ramapough denies that any item at Sweet Water is unauthorized or illegal.

10.     Para. 10 sets forth legal arguments rather than factual allegations, to which no response is warranted. Nevertheless, Ramapough denies that any of the uses at Sweet Water violate the Zoning Ordinance.

11.     Ramapough neither admits nor denies the allegations of Para. 11, but leaves Plaintiff to its proofs.

12.     Ramapough admits that Sweet Water lies on the north bank of the Ramapo River, west of the bridge on Halifax Road. Ramapough neither admits nor denies the allegations of Para. 12, but leaves Plaintiff to its proofs.

13.     Ramapough neither admits nor denies the allegations of Para. 13, but leaves Plaintiff to its proofs.

14.     Ramapough neither admits nor denies the allegations of Para. 14, but leaves Plaintiff to its proofs.

15.     Ramapough neither admits nor denies the allegations of Para. 15, but leaves Plaintiff to its proofs.

## C. Prior Use of the Property

16.     The Ramapough denies that any Ramapough activity has caused any "harms and adverse effects" to Plaintiff. The Ramapough neither admits nor

denies the remainder of the allegations of Para. 16, but leaves Plaintiff to its proofs.

17.     Ramapough neither admits nor denies the allegations of Para. 17, but leaves Plaintiff to its proofs.

18.     Ramapough admits that it acquired title to Sweet Water from Charles Elmes by Deed dated July 7, 1995. As to the remainder of the allegations in Para. 18, Ramapough neither admits nor denies the allegations, but leaves Plaintiff to its proofs.

19.     Ramapough denies that its uses of Sweet Water are subject to any authority or conditions which involve the Plaintiff. As to the remainder of the allegations in Para. 19, Ramapough neither admits nor denies the allegations, but leaves Plaintiff to its proofs.

20.     Ramapough neither admits nor denies the allegations in Para. 20, but leaves the Plaintiff to its proofs.

21.     Ramapough denies that any "permanent approval" by the Township is necessary for Ramapough's uses of Sweet Water. As to the remainder of the allegations in Para. 21, Ramapough neither admits nor denies the allegations, but leaves Plaintiff to its proofs.

22.     Ramapough denies the allegations in Para. 22.

23.     Ramapough neither admits nor denies the allegations in Para. 23, but leaves Plaintiff to its proofs.

24.     Ramapough admits placement of several logs, symbolically representing a Long House, at Sweet Water in 2009. Ramapough denies that "[n]o municipal approvals or permits were obtained for the longhouse."

25.     Ramapough neither admits nor denies the allegations in Para. 25, but leaves Plaintiff to its proofs.

26.     Ramapough denies that any of its activities at Sweet Water cause or exacerbate flooding. As to the remainder of allegations in Para. 26, Ramapough neither admits nor denies the allegations, but leaves Plaintiff to its proofs.

27.     Ramapough admits placement of several logs, symbolically representing a Long House, at Sweet Water in 2009. Ramapough denies the remainder of the allegations of Para. 27.

28.     Ramapough neither admits nor denies the allegations of Para. 28, but leaves Plaintiff to its proofs.

29.     Ramapough neither admits nor denies the allegations of Para. 29, but leaves Plaintiff to its proofs.

30.     Ramapough neither admits nor denies the allegations of Para. 30, but leaves Plaintiff to its proofs.

31.     Ramapough admits conducting at least one ceremony in 2011 at Sweet Water, involving fire, drums, and people. Ramapough neither admits nor denies the remainder of the allegations in Para. 31, but leaves Plaintiff to its proofs.

32.     Ramapough neither admits nor denies the allegations of Para. 32, but leaves Plaintiff to its proofs.

33.     Ramapough admits that the Township issued a single Complaint and Summons to the Ramapough on October 12, 2011, alleging "Building Structure Without Permits – (Long House)". The Township subsequently withdrew this Complaint. Ramapough denies the remaining allegations in Para. 33.

34.     Ramapough neither admits nor denies the allegations of Para. 34, but leaves Plaintiff to its proofs.

35.     Ramapough neither admits nor denies the allegations of Para. 35, but leaves Plaintiff to its proofs. Ramapough denies that any Ramapough activities on or around May 5, 2012 violated any laws.

36.     Ramapough denies any "sporadic problems" with Ramapough's uses of Sweet Water. Ramapough neither admits nor denies the remainder of the allegations of Para. 36, but leaves Plaintiff to its proofs.

37.     Ramapough denies the allegations in Para. 37.

38.     Ramapough admits conducting activities at Sweet Water in the fall of 2016 and the spring of 2017. Ramapough neither admits nor denies the remainder of the allegations of Para. 38, but leaves Plaintiff to its proofs.

39.     Ramapough neither admits nor denies the allegations of Para. 39, but leaves Plaintiff to its proofs.

40.     Ramapough admits occasionally placing tents at Sweet Water. Ramapough admits to maintaining a Facebook web page. Ramapough denies the remainder of the allegations in Para. 40.

41.     Ramapough admits to maintaining a portable toilet at Sweet Water. Ramapough denies the remainder of the allegations in Para. 41.

42.     Ramapough neither admits nor denies the allegations of Para. 42, but leaves Plaintiff to its proofs.

43.     Ramapough admits to attending a meeting with Mr. Scian on July 20, 2016. Ramapough denies that any Ramapough activities at Sweet Water are "dangerous". Ramapough neither admits nor denies the remainder of the allegations in Para. 43, but leaves Plaintiff to its proofs.

44.     Ramapough admits to maintaining a wooden shed as a pantry at Sweet Water. Ramapough denies that the pantry requires any Township permits or approvals. Ramapough denies the remainder of the allegations in Para. 44.

45.     Ramapough admits that Township representatives visited Sweet Water on November 21, 2016. Ramapough denies that any Ramapough activities at Sweet Water require Township permits. Ramapough denies the remainder of the allegations in Para. 45.

46.     Ramapough admits to using electricity from an outside outlet on or about November 26, 2016. Ramapough admits that no Complaints or charges were ever brought against Ramapough for this use. Ramapough denies that

this use violated any laws. Ramapough neither admits nor denies the remainder of the allegations of Para. 46, but leaves Plaintiff to its proofs.

47.     Ramapough neither admits nor denies the allegations of Para. 47, but leaves Plaintiff to its proofs.

48.     Ramapough admits occastionally importing woodchips to Sweet Water. Ramapough admits that the Township issued two Complaints alleging that the importation violated Township ordinances; both Complaints were ultimately dismissed. Ramapough denies the remainder of the allegations in Para. 48.

49.     Ramapough admits using the logs that comprised the original symbolic Long House to create a prayer circle at Sweet Water. Ramapough denies the remainder of the allegations in Para. 49.

50.     Ramapough denies the allegations in Para. 50.

51.     Ramapough admits that a stove was brought to Sweet Water in November 2016 for several months. Ramapough denies the remainder of the allegations in Para. 51.

52.     Ramapough admits having occasional small ceremonial fires, tended to by a firekeeper. The fires are no bigger than five feet by five feet, as recommended by the Mahwah Township Fire Chief. Ramapough denies the remainder of the allegations in Para. 52.

53.     Ramapough neither admits nor denies the allegations in Para. 53, but leaves Plaintiff to its proofs.

54.    The Ramapough denies that its activities in the winter of 2016 violated any law. Ramapough denies the remainder of the allegations in Para. 54.

55.    Ramapough admits conducting an event at Sweet Water on December 6, 2016. Ramapough denies that any Township approval was required. Ramapough neither admits nor denies the remainder of allegations in Para. 55, but leaves Plaintiff to its proofs.

56.    Ramapough denies the allegations in Para. 56.

57.    Ramapough denies the allegations in Para. 57.

58.    Ramapough admits occasionally importing woodchips to Sweet Water, and occasionally having small fires, tended to by a firekeeper. Ramapough admits that the Township issued two Complaints concerning the importation of woodchips, which were later dismissed. Ramapough denies that any of these activities require Township approval. Ramapough neither admits nor denies that "Police Reports document these incidents", but leave Plaintiff to its proofs. Ramapough denies the allegations in Para. 58.

59.    Ramapough admits occasionally importing woodchips to Sweet Water. Ramapough denies that the importation required any Township approval.

60.    Ramapough neither admits nor denies the allegations in Para. 60, but leaves Plaintiff to its proofs.

61.    Ramapough admits occasionally erecting tents at Sweet Water. Ramapough neither admits nor denies the remainder of the allegations in Para. 61, but leaves Plaintiff to its proofs.

62.    Ramapough admits occasionally importing woodchips to Sweet Water. Ramapough denies the remainder of the allegations in Para. 62.

63.    Ramapough admits occasionally importing woodchips to Sweet Water.

64.    Ramapough admits occasionally erecting tents at Sweet Water, and denies the remainder of the allegations of Para. 64.

65.    Ramapough neither admits nor denies the remainder of the allegations in Para. 65, but leaves Plaintiff to its proofs.

66.    Ramapough denies the allegations in Para. 66.

67.    Ramapough neither admits nor denies the allegations in Para. 67, but leaves Plaintiff to its proofs.

68.    The Ramapough admits occasionally using lights at night. Ramapough neither admits nor denies the remainder of the allegations in Para. 68, but leaves Plaintiff to its proofs.

69.    Ramapough denies the allegations in Para. 69.

70.    Ramapough neither admits nor denies the allegations in Para. 70, but leaves Plaintiff to its proofs.

71.    Ramapough admits maintaining a web page. Ramapough denies the remainder of the allegations in Para. 71.

72.    Ramapough neither admits nor denies the allegations in Para. 72, but leaves Plaintiff to its proofs.

73.    Ramapough admits the allegations in Para. 73.

74.    Ramapough denies the allegations in Para. 74.

75.     Ramapough neither admits nor denies the allegations in Para. 75, but leaves Plaintiff to its proofs.

76.     Ramapough neither admits nor denies the allegations in Para. 76, but leaves Plaintiff to its proofs.

77.     Ramapough admits erecting a yurt at Sweet Water. Ramapough denies that any Township permit or site plan approval was necessary.

78.     The Ramapough denies the allegations of Para. 78.

79.     Ramapough admits that Steven D. Smith is an attorney at law licensed in Virginia, and that Chief Perry and Mr. Smith are two of the leaders of Ramapough. Ramapough denies the remainder of the allegations in Para. 79.

80.     Ramapough admits that Plaintiff has filed a municipal Complaint against Chief Perry and Mr. Smith. Both Chief Perry and Mr. Smith have pled not guilty, and the matter is pending.

81.     Ramapough neither admits nor denies the allegations in Para. 81, but leaves Plaintiff to its proofs.

82.     Ramapough neither admits nor denies the allegations in Para. 82, but leaves Plaintiff to its proofs.

83.     Ramapough neither admits nor denies the allegations in Para. 83, but leaves Plaintiff to its proofs.

84.     Ramapough neither admits nor denies the allegations in Para. 84, but leaves Plaintiff to its proofs.

85.     Ramapough admits making a statement on its web page on May 18, 2017 using the phrase "worldwide mobilization". Ramapough denies the remainder of the allegations in Para. 85.

86.     Ramapough neither admits nor denies the allegations in Para. 86, but leaves the Township to its proofs.

87.     Ramapough admits conducting an event at Sweet Water on June 17, 2017. The Ramapough admits accepting donations at events. Ramapough denies the remainder of the allegations in Para. 87.

88.     Ramapough denies parking any RV at Sweet Water.

89.     Ramapough admits occasionally placing tents at Sweet Water. Ramapough neither admits nor denies the remainder of the allegations in Para. 89, but leaves Plaintiff to its proofs.

90.     Ramapough admits allowing occasional parking at Sweet Water. Ramapough neither admits nor denies the remainder of the allegations in Para. 90, but leaves Plaintiff to its proofs.

91.     Ramapough admits using Sweet Water for prayer and community cultural assembly. Ramapough denies the remainder of the allegations in Para. 91.

92.     Ramapough admits that it has not obtained any driveway permits. Ramapough denies that it requires any driveway permits. Ramapough denies the remainder of the allegations in Para. 92.

93.    Ramapough admits that it placed a solar/wind generator at Sweet Water. Ramapough neither admits nor denies the remainder of the allegations in Para. 93, but leaves Plaintiff to its proofs.

94.    Ramapough admits placing a statement on its Facebook page, that the movie "Mann v. Ford" would be played at Sweet Water on August 13, 2017, and that food would be available. Ramapough denies the remainder of the allegations in Para. 94.

95.    Ramapough denies the allegations in Para. 95.

96.    Ramapough denies that any of Ramapough activities at Sweet Water violate the Township Ordinance. Ramapough neither admits nor denies the remainder of the allegations in Para. 96, but leaves Plaintiff to its proofs.

97.    Ramapough denies the allegations in Para. 97.

98.    Ramapough admits the that Township Zoning Officer sent correspondence to the Ramapough with the quoted statements. Ramapough denies the veracity of those statements.

99.    Ramapough admits that the logs that comprised the symbolic Long House were repurposed into a prayer circle. Ramapough denies the remainder of the allegations in Para. 99.

100.    Ramapough admits that the Zoning Officer issued a September 15, 2017 letter purporting to rescind the Ramapough's January 2012 Zoning Permit. Ramapough denies that the September 15, 2017 letter has any legal effect.

101.    Ramapough admits the allegations in Para. 101.

102.    Ramapough denies the allegations in Para. 102.

103.    Ramapough denies the allegations in Para. 103.

104.    Ramapough admits that it filed a use variance application on June 12, 2017; that the Zoning Officer found that the application was incomplete; and that Ramapough subsequently withdrew the application. Ramapough denies the remainder of the allegations in Para. 104.

105.    Ramapough admits that the Township has issued Complaints to the Ramapough, and that Judge Roy McGeady issued a Decision regarding those Complaints on November 17, 2017. Ramapough admits withdrawing its use variance application. Ramapough denies that any Ramapough activities at Sweet Water violate any Township Ordinance or require submission of a Site Plan application. Ramapough denies the remainder of the allegations in Para. 105.

106.    Ramapough neither admits nor denies the allegations in Para. 106, but leaves Plaintiff to its proofs.

107.    Ramapough neither admits nor denies the allegations in Para. 107, but leaves Plaintiff to its proofs.

108.    Ramapough neither admits nor denies the allegations in Para. 108, but leaves Plaintiff to its proofs.

109.    Ramapough neither admits nor denies the allegations in Para. 109, but leaves Plaintiff to its proofs.

110.    Ramapough neither admits nor denies the allegations in Para. 110, but leaves Plaintiff to its proofs.

111.    Ramapough neither admits nor denies the allegations in Para. 111, but leaves Plaintiff to its proofs.

112.    Ramapough admits that Mahwah police officers have prepared reports after visiting Sweet Water. Ramapough denies the remainder of the allegations in Para. 112.

## COUNT ONE

113.    Ramapough repeats, re-alleges and incorporates by reference all of its answers to Paragraphs 1-112 of the Complaint as if fully set forth herein.

114.    Para. 114 sets forth legal arguments rather than factual allegations, to which no response is warranted.

115.    Para. 115 sets forth legal arguments rather than factual allegations, to which no response is warranted.

116.    Para. 116 sets forth legal arguments rather than factual allegations, to which no response is warranted.

117.    Para. 117 sets forth legal arguments rather than factual allegations, to which no response is warranted.

118.    Ramapough admits filing a use variance application, and subsequently withdrawing that application. Ramapough denies that it requires a use variance for its activities at Sweet Water. Ramapough denies the remainder of the allegations in Para. 118.

119.   Ramapough denies the allegations of Para. 119.

WHEREFORE, Ramapough seeks judgment as follows:

     a.     Dismissing Plaintiff's Complaint with prejudice; and

     b.     Awarding Ramapough its costs of suit and attorneys' fees; and

     c.     Such other relief as the Court deems just and equitable.

## COUNT TWO

120.   The Ramapough repeats, re-alleges and incorporates by reference all of its answers to Paragraphs 1-119 of the Complaint as if fully set forth herein.

121.   Para. 121 sets forth legal arguments rather than factual allegations, to which no response is warranted.

122.   Para. 122 sets forth legal arguments rather than factual allegations, to which no response is warranted.

123.   The Ramapough denies the allegations of Para. 123.

WHEREFORE, the Ramapough seeks judgment in favor of the Ramapough, as follows:

a.     Dismissing Plaintiff's Complaint with prejudice; and

b.     Awarding Defendant its costs of suit and attorneys' fees; and

c.     Such other relief as the Court deems just and equitable.

## COUNT THREE

124.   Ramapough repeats, re-alleges and incorporates by reference all of its answers to Paragraphs 1-123 of the Complaint as if fully set forth herein.

125.   Para. 125 sets forth legal arguments rather than factual allegations, to which no response is warranted.

126.   Para. 126 sets forth legal arguments rather than factual allegations, to which no response is warranted.

127.   Ramapough admits that it does not have a use variance approval from the Township. Ramapough denies that its activities at Sweet Water require a use variance approval. Ramapough denies the remainder of the allegations in Para. 127.

128.   Ramapough denies the allegations of Para. 128.

WHEREFORE, Ramapough seeks judgment as follows:

    a.    Dismissing Plaintiff's Complaint with prejudice; and

    b.    Awarding Ramapough its costs of suit and attorneys' fees; and

    c.    Such other relief as the Court deems just and equitable.

## COUNT FOUR

129.   Ramapough repeats, re-alleges and incorporates by reference all of its answers to Paragraphs 1-128 of the Complaint as if fully set forth herein.

130.   Para. 130 sets forth legal arguments rather than factual allegations, to which no response is warranted.

131.   Para. 131 sets forth legal arguments rather than factual allegations, to which no response is warranted.

132.   Para. 132 sets forth legal arguments rather than factual allegations, to which no response is warranted.

133.    Para. 133 sets forth legal arguments rather than factual allegations, to which no response is warranted.

134.    Ramapough admits that it does not have a use variance or site plan approval from the Township. Ramapough denies that it requires any use variance or site plan approval for the activities at Sweet Water. Ramapough denies the remainder of the allegations in Para. 134.

135.    Ramapough denies the allegations of Para. 135.

WHEREFORE, Ramapough seeks judgment as follows:

      a.    Dismissing Plaintiff's Complaint with prejudice; and

      b.    Awarding Ramapough its costs of suit and attorneys' fees; and

      c.    Such other relief as the Court deems just and equitable.

## COUNT FIVE

136.    Ramapough repeats, re-alleges and incorporates by reference all of its answers to Paragraphs 1-135 of the Complaint as if fully set forth herein.

137.    Para. 137 sets forth legal arguments rather than factual allegations, to which no response is warranted.

138.    Para. 138 sets forth legal arguments rather than factual allegations, to which no response is warranted.

139.    Para. 139 sets forth legal arguments rather than factual allegations, to which no response is warranted.

140.    Para. 140 sets forth legal arguments rather than factual allegations, to which no response is warranted.

141.    Ramapough admits that it does not have a use variance or site plan approval from the Township. Ramapough denies that it requires any use variance or site plan approval for the activities at Sweet Water. Ramapough denies the remainder of the allegations in Para. 141.

142.    Ramapough denies the allegations of Para. 142.

WHEREFORE, Ramapough seeks judgment as follows:

      a.    Dismissing Plaintiff's Complaint with prejudice; and

      b.    Awarding Ramapough its costs of suit and attorneys' fees; and

      c.    Such other relief as the Court deems just and equitable.

## COUNT SIX

143.    Ramapough repeats, re-alleges and incorporates by reference all of its answers to Paragraphs 1-142 of the Complaint as if fully set forth herein.

144.    Para. 144 sets forth legal arguments rather than factual allegations, to which no response is warranted.

145.    Para. 145 sets forth legal arguments rather than factual allegations, to which no response is warranted.

146.    Para. 146 sets forth legal arguments rather than factual allegations, to which no response is warranted.

147.    Ramapough admits that it does not have a use variance or site plan approval from the Township. Ramapough denies that it requires any use variance or site plan approval for the activities at Sweet Water, and denies the remainder of the allegations in Para. 147.

148.   Ramapough denies the allegations of Para. 148.

WHEREFORE, Ramapough seeks judgment as follows:

     a.     Dismissing Plaintiff's Complaint with prejudice; and

     b.     Awarding Ramapough its costs of suit and attorneys' fees; and

     c.     Such other relief as the Court deems just and equitable.

## COUNT SEVEN

149.   Ramapough repeats, re-alleges and incorporates by reference all of its answers to Paragraphs 1-148 of the Complaint as if fully set forth herein.

150.   Para. 150 sets forth legal arguments rather than factual allegations, to which no response is warranted.

151.   Para. 151 sets forth legal arguments rather than factual allegations, to which no response is warranted.

152.   Para. 152 sets forth legal arguments rather than factual allegations, to which no response is warranted.

153.   Ramapough admits that it does not have a use variance from the Township. Ramapough denies that it requires any use variance for the activities at Sweet Water, and denies the remainder of the allegations in Para. 153.

154.   Ramapough denies the allegations of Para. 154.

WHEREFORE, Ramapough seeks judgment as follows:

     a.     Dismissing Plaintiff's Complaint with prejudice; and

     b.     Awarding Ramapough its costs of suit and attorneys' fees; and

     c.     Such other relief as the Court deems just and equitable.

## COUNT EIGHT

155.    Ramapough repeats, re-alleges and incorporates by reference all of its answers to Paragraphs 1-154 of the Complaint as if fully set forth herein.

156.    Para. 156 sets forth legal arguments rather than factual allegations, to which no response is warranted.

157.    Ramapough neither admits nor denies the allegations of Para. 157, but leaves Plaintiff to its proofs.

158.    Ramapough denies the allegations of Para. 158.

159.    Ramapough admits conducting activities at Sweet Water. The Ramapough denies the remainder of the allegations in Para. 159.

160.    Ramapough denies the allegations of Para. 160.

161.    Ramapough admits that it does not have a use variance or site plan approval from the Township. Ramapough denies that it requires any use variance or site plan approval for the activities at Sweet Water, and denies the remainder of the allegations in Para. 161.

162.    Ramapough denies the allegations of Para. 162.

WHEREFORE, Ramapough seeks judgment as follows:

     a.     Dismissing Plaintiff's Complaint with prejudice; and

     b.     Awarding Ramapough its costs of suit and attorneys' fees; and

     c.     Such other relief as the Court deems just and equitable.

## COUNT NINE

163.   Ramapough repeats, re-alleges and incorporates by reference all of its answers to Paragraphs 1-162 of the Complaint as if fully set forth herein.

164.   Para. 164 sets forth legal arguments rather than factual allegations, to which no response is warranted.

165.   Para. 165 sets forth legal arguments rather than factual allegations, to which no response is warranted.

166.   Ramapough denies the allegations of Para. 166.

167.   Para. 167 sets forth legal arguments rather than factual allegations, to which no response is warranted.

168.   Ramapough admits the allegations of Para. 168.

169.   Ramapough admits that it does not have a use variance or site plan approval from the Township. Ramapough denies that it requires any use variance or site plan approval for the activities at Sweet Water, and denies the remainder of the allegations in Para. 169.

170.   Ramapough denies the allegations of Para. 170.

WHEREFORE, Ramapough seeks judgment as follows:

   a.   Dismissing Plaintiff's Complaint with prejudice; and

   b.   Awarding Ramapough its costs of suit and attorneys' fees; and

   c.   Such other relief as the Court deems just and equitable.

## COUNT TEN

171.   Ramapough repeats, re-alleges and incorporates by reference all of its answers to Paragraphs 1-170 of the Complaint as if fully set forth herein.

172.  Para. 172 sets forth legal arguments rather than factual allegations, to which no response is warranted.

173.  Ramapough admits that it does not have any governmental approval for off-street parking at Sweet Water. Ramapough denies that it requires any such approval, and denies the remainder of the allegations in Para. 173.

174.  Ramapough denies the allegations in Para. 174.

175.  Ramapough admits that it has not sought variance relief or site plan approval from the Township. Ramapough denies that it requires any variance relief or site plan approval for the activities at Sweet Water, and denies the remainder of the allegations in Para. 175.

176.  Para. 176 sets forth legal arguments rather than factual allegations, to which no response is warranted.

177.  Ramapough denies the allegations of Para. 177.

178.  Ramapough denies the allegations of Para. 178.

WHEREFORE, Ramapough seeks judgment as follows:

      a.    Dismissing Plaintiff's Complaint with prejudice; and

      b.    Awarding Ramapough its costs of suit and attorneys' fees; and

      c.    Such other relief as the Court deems just and equitable.

## COUNT ELEVEN

179.  Ramapough repeats, re-alleges and incorporates by reference all of its answers to Paragraphs 1-178 of the Complaint as if fully set forth herein.

180.   Para. 180 sets forth legal arguments rather than factual allegations, to which no response is warranted.

181.   Ramapough denies the allegations of Para. 181.

182.   Ramapough admits that it does not have a use variance or site plan approval from the Township. Ramapough denies that it requires any use variance or site plan approval for the activities at Sweet Water, and denies the remainder of the allegations in Para. 182.

183.   Ramapough denies the allegations of Para. 183.

WHEREFORE, Ramapough seeks judgment as follows:

    a.    Dismissing Plaintiff's Complaint with prejudice; and

    b.    Awarding Ramapough its costs of suit and attorneys' fees; and

    c.    Such other relief as the Court deems just and equitable.

## COUNT TWELVE

184.   Ramapough repeats, re-alleges and incorporates by reference all of its answers to Paragraphs 1-183 of the Complaint as if fully set forth herein.

185.   Para. 185 sets forth legal arguments rather than factual allegations, to which no response is warranted.

186.   Para. 186 sets forth legal arguments rather than factual allegations, to which no response is warranted.

187.   Para. 187 sets forth legal arguments rather than factual allegations, to which no response is warranted.

188.    Ramapough admits that it does not have a site plan approval from the Township. Ramapough denies that it requires site plan approval for the activities at Sweet Water, and denies the remainder of the allegations in Para. 188.

189.    Para. 189 sets forth legal arguments rather than factual allegations, to which no response is warranted.

190.    Ramapough denies the allegations of Para. 190.

WHEREFORE, Ramapough seeks judgment as follows:

    a.    Dismissing Plaintiff's Complaint with prejudice; and

    b.    Awarding Ramapough its costs of suit and attorneys' fees; and

    c.    Such other relief as the Court deems just and equitable.

## COUNT THIRTEEN

191.    Ramapough repeats, re-alleges and incorporates by reference all of its answers to Paragraphs 1-190 of the Complaint as if fully set forth herein.

192.    Ramapough admits that it placed a solar/wind generator at Sweet Water from August 2017 to November 2017. Ramapough denies the remainder of the allegations in Para. 192.

193.    Para. 193 sets forth legal arguments rather than factual allegations, to which no response is warranted.

194.    Para. 194 sets forth legal arguments rather than factual allegations, to which no response is warranted.

195.   Para. 195 sets forth legal arguments rather than factual allegations, to which no response is warranted.

196.   Para. 196 sets forth legal arguments rather than factual allegations, to which no response is warranted.

197.   Ramapough admits that it does not have a use variance or site plan approval from the Township. Ramapough denies that it requires any use variance or site plan approval for the activities at Sweet Water, and denies the remainder of the allegations in Para. 197.

198.   Ramapough admits that it does not have electrical permits. Ramapough denies that it requires any electrical permits for the activities at Sweet Water, and denies the remainder of the allegations in Para. 198.

199.   Ramapough denies the allegations of Para. 199.

WHEREFORE, Ramapough seeks judgment as follows:

    a.   Dismissing Plaintiff's Complaint with prejudice; and

    b.   Awarding Ramapough its costs of suit and attorneys' fees; and

    c.   Such other relief as the Court deems just and equitable.

## COUNT FOURTEEN

200.   Ramapough repeats, re-alleges and incorporates by reference all of its answers to Paragraphs 1-199 of the Complaint as if fully set forth herein.

201.   Ramapough denies the allegations in the paragraph incorrectly labeled as Para. 2 on p. 36.

202.   The Paragraph incorrectly labeled as Para. 3 on p. 37 sets forth legal arguments rather than factual allegations, to which no response is warranted.

203.   Ramapough denies the allegations of the paragraph incorrectly labeled as Para. 4 on p. 37.

WHEREFORE, Ramapough seeks judgment as follows:

      a.     Dismissing Plaintiff's Complaint with prejudice; and

      b.     Awarding Ramapough its costs of suit and attorneys' fees; and

      c.     Such other relief as the Court deems just and equitable.

## COUNT FIFTEEN

204.   Ramapough repeats, re-alleges and incorporates by reference Paragraphs 1-203 of this Answer as if fully set forth herein.

205.   Para. 201 sets forth legal arguments rather than factual allegations, to which no response is warranted.

206.   Para. 202 sets forth legal arguments rather than factual allegations, to which no response is warranted.

207.   Ramapough admits to occasionally importing woodchips to Sweet Water. Ramapough denies that any permits are necessary for that importation, and denies the remainder of the allegations in Para. 203.

208.   The Ramapough denies the allegations in Para. 204.

209.   Ramapough admits that the Township issued two Complaints to the Ramapough, alleging that the importation of woodchips violated Township

Ordinances. Both of those Complaints have been dismissed. Ramapough denies the remainder of the allegations in Para. 205.

210.    Ramapough denies the allegations in Para. 206.

211.    Ramapough denies the allegations of Para. 207.

WHEREFORE, Ramapough seeks judgment as follows:

      a.      Dismissing Plaintiff's Complaint with prejudice; and

      b.      Awarding Ramapough its costs of suit and attorneys' fees; and

      c.      Such other relief as the Court deems just and equitable.

## COUNT SIXTEEN

212.    Ramapough repeats, re-alleges and incorporates by reference all of its answers to Paragraphs 1-211 of the Complaint as if fully set forth herein.

213.    Para. 209 sets forth legal arguments rather than factual allegations, to which no response is warranted.

214.    Ramapough neither admits nor denies the allegations in Para. 210, but leaves Plaintiff to its proofs.

215.    Ramapough denies the allegations in Para. 211.

216.    Ramapough denies the allegations in Para. 212.

217.    Ramapough denies the allegations of Para. 213.

WHEREFORE, Ramapough seeks judgment as follows:

      a.      Dismissing Plaintiff's Complaint with prejudice; and

      b.      Awarding Ramapough its costs of suit and attorneys' fees; and

      c.      Such other relief as the Court deems just and equitable.

## COUNT SEVENTEEN

218.    The Ramapough repeats, re-alleges and incorporates by reference all of its answers to Paragraphs 1-217 of the Complaint as if fully set forth herein.

219.    The Ramapough denies the allegations in Para. 215.

220.    The Ramapough denies the allegations in Para. 216.

221.    The Ramapough denies the allegations in Para. 217.

222.    The Ramapough denies the allegations in Para. 218.

223.    The Ramapough denies the allegations in Para. 219.

224.    The Ramapough denies the allegations in Para. 220.

225.    The Ramapough denies the allegations in Para. 221.

226.    The Ramapough denies the allegations in Para. 222.

227.    The Ramapough denies the allegations in Para. 223.

WHEREFORE, the Ramapough seeks judgment in favor of the Ramapough, as follows:

     a.    Dismissing Plaintiff's Complaint with prejudice; and

     b.    Awarding Defendant its costs of suit and attorneys' fees; and

     c.    Such other relief as the Court deems just and equitable.

## FIRST AFFIRMATIVE DEFENSE

Ramapough is a State-recognized sovereign nation and does not concede the authority of Mahwah's Ordinances to regulate Ramapough prayer and community cultural assembly activities on its own land.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by *res judicata* and collateral estoppel. On November 17, 2017, the Honorable Roy McGeady issued a decision in <u>State of New Jersey v. Ramapough Mountain Indians Inc.</u>, Bergen County Municipal Court Vicinage 2, Docket # 0233-SC-8491 etc., that resolved a number of the issues and claims set forth by Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the equitable doctrines of estoppel, waiver and unclean hands. Ramapough has been openly using Sweet Water for prayer and community cultural assembly for decades. Plaintiff has long been well aware of the religious use of Sweet Water; in fact, over ten years ago, Bergen County erected signs on public roads leading to the entrance of the Ramapough property that identify Sweet Water as "Ceremonial" land. Ramapough relied on the explicit approval of Bergen County and the tacit acknowledgement of Plaintiff in continuing its religious use of Sweet Water. Therefore, Plaintiff is estopped from asserting its claims.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of laches. Ramapough has been using Sweet Water for prayer and community cultural assembly for decades. Over ten years ago, Bergen County erected signs on public roads leading to the entrance of the

Ramapough's property that identify Sweet Water as "Ceremonial" land. Plaintiff was well aware of Ramapough's religious use of Sweet Water starting, at the latest, with the erection of these signs. Therefore, Plaintiff's delay in bringing action only now is unexplained, unexcused, and unreasonable.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because the claims asserted therein are made in bad faith solely for the purposes of harassment and religious discrimination in contravention of the Religious Land Use and Institutionalized Persons Act.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred because the actions of Ramapough are consistent with the Municipal Land Use Law, the Township Zoning Ordinance, the Flood Hazard Area Control Act, and all other applicable laws.

## NOTICE OF OTHER ACTIONS AND POTENTIALLY LIABLE PERSONS

The matter in controversy is the subject of the following actions:

a. State of New Jersey v. Ramapough Mountain Indians Inc., Bergen County Municipal Vicinage 2, Docket #s 0233-SC-8491 through 8753

b. Township of Mahwah v. Ramapough Mountain Indians Inc., Bergen County Superior Court, Docket # BER-L-3189-17

c. <u>Ramapough Mountain Indians Inc. v. Township of Mahwah and</u>

<u>Michael Kelly</u>, Bergen County Superior Court, Docket # BER-L-7345-

17

## CERTIFICATION OF COMPLIANCE WITH RULE 1:38-7(c)

I certify that confidential personal identifiers have been

redacted from documents now submitted to the court, and will be

redacted from all documents submitted in the future in accordance

with Rule 1:38-7(b).

## DESIGNATION OF TRIAL COUNSEL

Ramapough designates Thomas Williams, Esq. and Raghu

Murthy as trial counsel in this matter.

Respectfully submitted,

_____*/s/ Raghu Murthy*_____
Aaron Kleinbaum
Raghu Murthy
   Eastern Environmental Law Center
Thomas Williams
*Attorneys for Defendant,*
   *Ramapough Mountain Indians Inc.*