MARTIN W. KAFAFIAN  (NJ, NY, DC BARS)
ADOLPH A. ROMEI  (NJ, NY BARS)
JOHN J. LAMB  (NJ BAR)
ANTIMO A. DEL VECCHIO  (NJ, NY, DC BARS)
ROBERT A. BLASS  (NJ,  NY BARS)
IRA J. KALTMAN  (NJ, NY BARS)
ARTHUR N. CHAGARIS  (NJ BAR)
STEVEN A. WEISFELD  (NJ, NY BARS)
IRA E. WEINER  (NJ BAR)
DANA B. COBB  (NJ, NY BARS)
RENATA A. HELSTOSKI  (NJ, NY BARS)
MICHAEL STERNLIEB  (NJ BAR)
DANIELE CERVINO  (NJ, NY BARS)
ARTHUR M. NEISS  (NJ, NY BARS)

OF COUNSEL
JAMES R. BEATTIE  (NJ BAR)
ROGER W. BRESLIN, JR.  (NJ BAR)
THOMAS W. DUNN  (NJ BAR)
JOSEPH A. RIZZI  (NJ BAR)
PATRICK J. MONAGHAN, JR.  (NJ, NY BARS)
MARY ELLEN B. OFFER  (NJ, NY BARS)
EMERY C. DUELL  (NJ, NY BARS)

RALPH J. PADOVANO  (1935-2016)



**BEATTIE PADOVANO** LLC

COUNSELLORS AT LAW
50 CHESTNUT RIDGE ROAD, SUITE 208
P.O. BOX 244
MONTVALE, NEW JERSEY  07645-0244

(201) 573-1810

www.beattielaw.com

NEW YORK OFFICE:
99 MAIN STREET, SUITE 319
NYACK, NEW YORK 10960
(845) 512-8584

COUNSEL TO THE FIRM
BRENDA J. STEWART  (NJ BAR)
JAMES V. ZARRILLO  (NJ, NY BARS)
JEANETTE A. ODYNSKI  (NJ, NY BARS)
DANIEL L. STEINHAGEN  (NJ, NY BARS)
CRISTIN M. KEEGAN  (NJ, NY BARS)

MARTIN R. KAFAFIAN  (NJ, NY BARS)
MARIYA GONOR  (NJ, NY BARS)
JOHN M. BOEHLER  (NJ BAR)
JOHN B. STEPHENSON  (NJ BAR)
IAN M. EASTWICK  (NJ, NY BARS)

FAX:  (201) 573-9736
FAX:  (201) 573-9369

Reply to New Jersey Office
Writer's Direct Access
Email:  mrk@beattielaw.com
Direct Dial:  (201) 799-2102

January 7, 2019

*Via ECF*
Hon. James B. Clark, III
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07107

    Re:    ***Ramapough Mountain Indians, Inc. v. Township of Mahwah*, Case No. 2:18-cv-9228-CCC-JBC (United States District Court, District of New Jersey)**

Dear Judge Clark:

    This firm represents the Ramapo Hunt & Polo Club Association, Inc. (the "Association"), defendant in the above referenced matter.  This is in response to the January 4, 2019 letter of Baher Azmy, Esq. (ECF No. 68) ("Plaintiffs' Letter"), and concerning the discovery stay in this matter.  We object to the arguments and characterizations contained in Plaintiffs' Letter.  It appears that Plaintiffs forgets recent events in parallel, pending state-court litigations.[1]  Despite the histrionics, the Plaintiffs are suffering no constitution injury.  Moreover, the parties are preparing for a trial currently scheduled for January 30, 2019.

    As the Court is aware, there is a consolidated action pending in the New Jersey Superior Court styled *Ramapo Hunt & Polo Club Association, Inc. v. Ramapough Mountain Indians, Inc., and the Township of Mahwah*, Docket No. BER-L-6409-17 and *Township of Mahwah v. Ramapough Mountain Indians, Inc.*, Docket No. BER-L-3189-17 (together, the "Consolidated Enforcement Actions").  The cases commenced on September 22, 2017 and May 5, 2017 respectively and are schedule for trial starting January 30, 2019.

    Plaintiffs contend they were barred from bringing RLUIPA and constitutional claims in state court based on language in Municipal Judge McGeady's November 17, 2017 decision.  Of

---

[1] This is not surprising given the fact the Plaintiffs are represented by nearly two dozen attorneys across five different firms.

*Forty-Nine Years of Service*

Hon. James B. Clark, III
January 7, 2019
Page 2

course the RMI could not have brought affirmative damage claims in the context of a quasi-criminal prosecution.  To the extent that Plaintiffs' Letter suggests that they cannot pursue RLUIPA or First Amendment claims in the Consolidated Enforcement Action (which are civil suits) based on language in a decision rendered by Municipal Judge McGeady during a quasi-criminal prosecution for zoning violations, this contention is disingenuous.  More importantly, Municipal Judge McGeady found that the these arguments were not ripe because the RMI have not made the appropriate land-use applications.

Insofar as Plaintiffs' Letter suggests that the RLUIPA and First Amendment claims are not part of the Consolidated Enforcement Actions, the record indicates otherwise.  The Fourth Affirmative Defense interposed by RMI argues that "the claims asserted [by the Association] are made in bad faith solely for the purposes of harassment and religious discrimination in contravention of the ***Religious Land Use and Institutionalized Persons Act***."

Just last week, on December 31, 2018, the RMI filed three motions in Consolidated Enforcement Actions, two of which are relevant here.  The first motion, a motion in limine, seeks an order directing that the RMI "is permitted to offer ***RLUIPA*** and ***First Amendment*** Defenses[.]"[2]  Further, on December 31, 2018, the RMI filed a motion asking the trial court to re-open discovery.  The trial is scheduled for January 30, 2019.  The Consolidated Enforcement Actions have been pending for nearly two years.  The RMI have taken no discovery.  No interrogatories were propounded, no document were demanded, and no witnesses were subpoenaed.  And though the Plaintiffs now feign an interest in pushing this federal docket forward, for nearly two years, the RMI has sought delay after delay in the Consolidated Enforcement Actions.  Why weren't aging witnesses and continuing constitutional injuries a concern there?  This smells of forum shopping.

This Court should be aware that (at least) two of the attorneys representing Plaintiffs here also represent the RMI in the Consolidated Enforcement Actions: Valeria Gheorghiu, Esq., is counsel of record for RMI in the Association Enforcement Action; and Jonathan Wallace, Esq., has filed a motion in the Consolidated Enforcement Action for admission *pro hac vice*.

There is no need to reconsider Your Honor's January 3, 2019 and Plaintiffs have not asserted any grounds that would support reconsideration.  With all rights reserved.

Respectfully submitted,

*/s/ Martin R. Kafafian*
Martin R. Kafafian

cc:     Counsel of Record (via ECF)

---

[2] Curiously, the motion in limine also seeks to bar introduction of the transcript of the November 17, 2017 proceedings, the transcript from which Plaintiffs gratuitously cherry pick half a line from forty pages.

3394956_1\170558