**BEATTIE PADOVANO** LLC

COUNSELLORS AT LAW
50 CHESTNUT RIDGE ROAD, SUITE 208
P.O. BOX 244
MONTVALE, NEW JERSEY 07645-0244

(201) 573-1810

www.beattielaw.com

NEW YORK OFFICE:
99 MAIN STREET, SUITE 319
NYACK, NEW YORK 10960
(845) 512-8584

MARTIN W. KAFAFIAN (NJ, NY, DC BARS)
ADOLPH A. ROMEI (NJ, NY BARS)
JOHN J. LAMB (NJ BAR)
ANTIMO A. DEL VECCHIO (NJ, NY, DC BARS)
ROBERT A. BLASS (NJ, NY BARS)
IRA J. KALTMAN (NJ, NY BARS)
ARTHUR N. CHAGARIS (NJ BAR)
STEVEN A. WEISFELD (NJ, NY BARS)
IRA E. WEINER (NJ BAR)
DANA B. COBB (NJ, NY BARS)
RENATA A. HELSTOSKI (NJ, NY BARS)
MICHAEL STERNLIEB (NJ BAR)
DANIELE CERVINO (NJ, NY BARS)
ARTHUR M. NEISS (NJ, NY BARS)

OF COUNSEL
JAMES R. BEATTIE (NJ BAR)
ROGER W. BRESLIN, JR. (NJ BAR)
THOMAS W. DUNN (NJ BAR)
JOSEPH A. RIZZI (NJ BAR)
PATRICK J. MONAGHAN, JR. (NJ, NY BARS)
MARY ELLEN B. OFFER (NJ, NY BARS)
EMERY C. DUELL (NJ, NY BARS)

RALPH J. PADOVANO (1935-2016)

COUNSEL TO THE FIRM
BRENDA J. STEWART (NJ BAR)
JAMES V. ZARRILLO (NJ, NY BARS)
JEANETTE A. ODYNSKI (NJ, NY BARS)
DANIEL L. STEINHAGEN (NJ, NY BARS)
CRISTIN M. KEEGAN (NJ, NY BARS)

MARTIN R. KAFAFIAN (NJ, NY BARS)
MARIYA GONOR (NJ, NY BARS)
JOHN M. BOEHLER (NJ BAR)
JOHN B. STEPHENSON (NJ BAR)
IAN M. EASTWICK (NJ, NY BARS)

FAX: (201) 573-9736
FAX: (201) 573-9369

Reply to New Jersey Office
Writer's Direct Access
Email: achagaris@beattielaw.com
Direct Dial: (201) 799-2141

April 1, 2019

OUR FILE NO. 190218 –

*Via ECF*
Hon. James B. Clark, III
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07107

      Re:    *Ramapough Mountain Indians, Inc. v. Township of Mahwah*, **Case No. 2:18-cv-9228-CCC-JBC (United States District Court, District of New Jersey)**

Dear Judge Clark:

Defendant Ramapo Hunt & Polo Club Association, Inc., a nonprofit corporation of the State of New Jersey (hereinafter "HOA"), files this Brief in opposition to the Motion to Lift Discovery Stay brought by Plaintiffs Ramapough Mountain Indians, Inc. ("RMI"), and Ramapo Lenape Nation ("RLN") (together, "Plaintiffs").

## PRELIMINARY STATEMENT

The HOA has been attempting to enforce the zoning ordinances for several years. And so has the Township of Mahwah, both civilly by filing a state board enforcement action and, after that failed, by filing municipal court summonses. The first batch of summonses were dismissed in the end of 2016 and beginning of 2017. Then more warnings occurred by the Township. The

*Forty-Nine Years of Service*

3459195_2\190218

Hon. James B. Clark, III
April 1, 2019
Page 2

Township, after numerous delays by counsel and extension and postponements of the trial dates, eventually had a determination by the Honorable Roy McGeady, the municipal court judge, that there were 103 zoning ordinance violations. (That was sustained on appeal for 102 violations). For these efforts of trying to achieve compliance with the local zoning ordinances, the HOA and its residents have been dragged into Federal Court to face inflammatory charges that have been filed untruthfully and defamed the residents, damaged their property values, and disrupted an otherwise peaceful and law-abiding community. Plaintiffs may not like Mahwah's laws. But they are bound by those laws, which were duly adopted through the democratic process and have been equally enforced by a sensitive and patient Building Department. Plaintiffs may not like living near the HOA, as videos posted to RMI's Facebook page and testimony given by RMI's Chief confirm as much. But, the laws must be enforced.

As it stands, it is impossible for the HOA (and, we suspect, the municipal defendants) to conduct discovery because it does not understand what charges it faces. The pleadings are in such disarray that it is impossible for the parties to know which claims they will be litigating. The Complaint [ECF No. 1], which was filed on May 15, 2018, makes nine claims against the HOA. Those claims include constitutional violations (*i.e.*, violations of Plaintiffs' Free Exercise and Association rights); RLUIPA violations; claims brought under international agreements and covenants and Human Rights Council resolutions; and (somewhat anticlimactically) nuisance about which counsel to the HOA had to file a Motion to Dismiss.

On September 21, 2018—four months into this litigation and after the Defendants had fully briefed its Motions to Dismiss the Complaint—Plaintiffs then moved for leave to file a proposed First Amended Complaint ("FAC"). *See* ECF No. 42, *et seq.* The FAC is substantially

3459195_2\190218

Hon. James B. Clark, III
April 1, 2019
Page 3

different than Plaintiffs' original pleading. The HOA is no longer faced with nine counts. It is now faced in the proposed amended complaint with only one count—that it conspired to violate Plaintiffs' civil rights. Defendant HOA has opposed the Motion to Amend in a substantial opposition, as has the Defendant Township. This remaining count is a totally different claim than the original counts, which are now abandoned in the amended pleading. The HOA also notes that the Motion for leave to Amend has been pending for several months.

In addition, it should be noted that in its Motion to Dismiss the Complaint [ECF No. 28], (now administratively dismissed) the HOA sought relief under a theory that the Plaintiff Ramapo Lenape Nation ("RLN"), who claim to be a sovereign nation, cannot bring a damages claim as a plaintiff in an Article III Court because RLN's sovereignty has not been recognized by the President, and this Court's acknowledgment of RLN as a plaintiff representing some undefined population would violate Separation of Powers principles. This is important because if RLN is allowed to proceed as a plaintiff, considerable efforts will be spent on issues related to RLN's membership.

Further, the HOA has not had an opportunity to file any Answer in this matter. As such, it should be noted that the HOA very well may consider counterclaims, cross-claims, or third-party claims when appropriate.

Moreover, if the current Motion to Amend is denied, then the case is returned to the original Complaint and Defendant HOA's Motion to Dismiss is reinstated, together with claims the HOA will assert that Plaintiffs abandoned their initial claims when it only sought to charge Defendant HOA with a conspiracy charge.

3459195_2\190218

Finally, Plaintiffs' present submission is devoid of any basis in fact that would support a conspiracy claim. This is set forth in the HOA's Reply Brief. *See* ECF No. 72.

Procedurally, Plaintiffs misstate their application's posture and ignore important procedural history. They frame their application as a "motion for a stay". The stay here was entered *sue sponte* by Magistrate Judge Clark during a Case Management Conference. The HOA objects to this being characterized as having been brought on by a motion. It should be noted that Magistrate Judge Clark has scheduled a status conference for April 18, 2019. *See* ECF No. 67.

## ARGUMENT

It is important that this issue is not before the Court on a Rule 26 motion. To the contrary, Judge Clark decided to stay discovery pending the resolution of the motion for leave to amend. It is axiomatic that "Magistrate Judges are given wide discretion to manage cases and to limit discovery in appropriate circumstances." *Forrest v. Corzine*, 757 F.Supp.2d 473, 477 (D.N.J. 2010) (internal citations omitted). Further, while motions regarding the pleading are pending, staying discovery is a "straightforward exercise of docket management." *Gluck v. Noone*, 689 Fed. Appx. 137, 140 (3d Cir. 2017); *see also Weiss v. First Unum Life Ins.*, 2010 WL 1037610 (D.N.J. March 16, 2010) (discussing that the court had stayed discovery pending the resolution of a motion to amend).

But if this court does consider this motion under *Fed. R. Civ. P.* 26(c), Plaintiffs rightly identify the three factors that courts analyze when considering a discovery stay: (1) whether a denial of the stay would create a clear case of hardship or inequity for the proponent of the stay; (2) whether a stay would simplify the issues and the trial of the case; and (3) whether a stay

Hon. James B. Clark, III
April 1, 2019
Page 5

would unduly prejudice or present a clear tactical disadvantage to the party opposing the stay.

They do not tilt in Plaintiffs' favor. Under that framework, Plaintiffs' Motion should be denied.

## POINT I

### THE APPLICATION TO COMMENCE DISCOVERY BEFORE PLEADINGS ARE SETTLED SHOULD BE DENIED BECAUSE TO DO OTHERWISE WILL IMPOSE A SEVERE HARDSHIP ON THE HOA

Re-opening discovery at this juncture will impose a severe hardship on the HOA, a nonprofit corporation, whose membership and finances are already stretched thin.

RMI's conduct in the pending state-court enforcement action, *Ramapo Hunt & Polo Club Association, Inc. v. Ramapough Mountain Indians, Inc., et al,*, Docket Nos. BER-L-3189 ("Consolidated State Zoning Enforcement Action") is a blueprint as to how discovery is likely to proceed in this case. In December 2017, RMI served the HOA with a Notice for the Production of Documents that demanded ESI discovery from *every homeowner residing within the HOA*. The HOA includes 29 homes. Assuming each home is owned by an average of two persons, and assuming that many people have at least two email accounts (one personal and one for work), this request sought to require that the HOA engage in unnecessary ESI discovery on hundreds of accounts. And this was demanded in the context of a zoning enforcement action, where the issues are (1) what does the relevant zoning ordinance provide, and (2) did RMI engage in conduct contrary to those zoning ordinances. What sort of demands will the HOA face in light

Hon. James B. Clark, III
April 1, 2019
Page 6

of claims arising under United Nations treaties? *Rule* 26(b) imposes a proportionality limitation on discovery. Again, without knowing the scope of the claims at issue, it is impossible to meaningfully determine whether discovery is being conducted proportionally.

It is also germane that the Consolidated State Enforcement Action is scheduled to be tried starting on April 22, 2019. While Plaintiffs are represented by a bevy of law firms—that can simultaneously handle a state-court trial alongside robust discovery under the Federal Rules of Civil Procedure, the HOA is represented by the same firm in both this action and the Consolidated State Enforcement Action. Mahwah is also represented by the same firm in both litigations. Issuing and responding to paper discovery demands here, while simultaneously trying the Consolidated State Enforcement Action, would be a daunting endeavor. One cannot help but wonder about whether the timing of this motion was intentional. The Motion for Discovery in the State Court Enforcement Action was filed and then this Motion to Lift Stay was filed.

### POINT II

### STAYING DISCOVERY WILL SIMPLIFY ISSUES AND IS APPROPRIATE GIVEN THE STATE OF THE PLEADINGS

If the Motion to Amend is denied because it is futile and as stated in the HOA's defense, the original Complaint with additional counts now abandoned may be dismissed. Additionally, Defendant's Motion to Dismiss the original Complaint was dismissed without prejudice, which can be reinstated if necessary.

As for the second factor, in the interest of judicial economy and conserving litigant resources, a stay is appropriate. The initial pleadings have not been settled because Plaintiffs have sought leave to amend their Complaint. And this is not an instance where the plaintiff

3459195_2\190218

Hon. James B. Clark, III
April 1, 2019
Page 7

seeks to modify its pleadings by adding factual allegations or refining legal theories. Rather, the Complaint and proposed First Amended Complaint allege and rely on distinct facts and make claims under totally discordant legal theories.

In the Complaint, the HOA is being sued for violating the Free Exercise Clause, Free Association Clause, and RLUIPA; for committing human rights violations; for breaching commitments with the United Nations; and for being a nuisance. *See generally* Complaint [ECF No. 1]. The proposed First Amended Complaint, on the other hand, accuses the HOA of conspiracy under 42 U.S.C. § 1985. *See* FAC at ¶¶ 107—112 [ECF No. 42-2]. These claims are entirely different and require different discovery. By way of example, if the HOA must defend constitutional claims, it will have to deal with the state actor doctrine. Defending Free Exercise claims may require digging into the merits and history of Plaintiffs' religious practices. Further, the nature of the pending motion to amend (as well as the nature of anticipated motions to dismiss, independent on how the motion to amend is resolved) militates in favor of continuing the discovery stay. "Where there is a motion to dismiss for failure to state a claim upon which relief can be granted, the court should take a preliminary look at the allegedly dispositive motion to see whether it is a challenge as a matter of law or to the sufficiency of the allegations." *Coca-Cola Bottling Co. of Lehigh Valley v. Grol*, 1993 WL 1319559 at *2 (E.D. Pa. March 8, 1993) (citing *Hachette Distribution, Inc. v. Hudson County News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y.1991).

The motion pending here, which the defendants have each opposed on futility grounds to be decided on the standards articulated in *Twombly* and *Iqbal*, challenge Plaintiffs' claims as a matter of law under, among other theories: (1) the *Younger* abstention doctrine; (2) on Free

Hon. James B. Clark, III
April 1, 2019
Page 8

Speech and Petition Clause grounds; and (3) the legal theories underpinning the Plaintiffs' conspiracy claim. *See* HOA Brief in opposition to Plaintiffs' Motion for Leave to Amend [ECF No. 72]. Similarly, in the event that this Court denies Plaintiffs' Motion for Leave to Amend and the pleadings revert back to the May 2018 Complaint, the HOA intends on reinstating its administratively terminated Motion to Dismiss, which relied on similar legal arguments.

Another fact weighing in favor of a continued stay is the "status of discovery," namely that discovery has yet to begin. Similar facts were confronted in *Galarza v. Whittle-Kinard*, 2017 WL 2198182 (D.N.J. May 18, 2017). There, the court was confronted with a *Rule* 26(c) motion when discovery was "truly in its infancy stage[.]" *Id.* at 3. The moving party there had only been served with a "limited document request" and the party opposing the stay had not yet noticed any depositions. *Id.* Discovery in this case is in an even earlier stage. No paper discovery demands have been served and no subpoenas or deposition notices have been issues. Only the *Rule* 26 disclosures have been exchanged. As such, there is no need to push forward, particularly since the parties should be on notice with respect to what claims are at issue before they are required to fashion discovery demands or take deposition testimony.

Finally, in the consolidated State court Zoning Enforcement actions, despite little discovery being taken by Plaintiff with Defendant HOA, the Plaintiff sought discovery after the fifth Trial Date had been set. The Judge allowed limited discovery. Then their within Motion to take Discovery in the Federal Court was filed. This is a concerted effort against Defendant HOA to deplete its resources.

## POINT III

**PLAINTIFFS FAIL TO ARTICULATE ANY UNDUE PREJUDICE THAT WOULD BEFALL THE PLAINTIFFS SHOULD THE DISCOVERY STAY CONTINUE**

3459195_2\190218

Hon. James B. Clark, III
April 1, 2019
Page 9

Plaintiffs do not articulate any undue prejudice that will result from continuing the discovery stay.

Plaintiffs first claim that discovery must proceed because certain "key witnesses are advanced in age." RMI Brief at 8. Plaintiffs have made this claim before. *See* January 4, 2019 Letter of Baher Azmy, Esq. [ECF No. 68]. However, neither in neither Mr. Azmy's January 4 letter nor in this application do Plaintiffs identify these "key witnesses," state their ages, or make a proffer as to the import that their testimony would have on this case. The HOA suspects that these witnesses are actually members of Plaintiffs. If that is the case, these "key witnesses" are likely friendly to Plaintiffs and need not be deposed by Plaintiffs, who have available other mechanisms by which their testimony can be preserved. Therefore, Plaintiffs' reliance on *Texaco, Inc. v. Borda*, 383 F.2d 607 (3d Cir. 1967) is misplaced. *See Id.* at 609 (considering whether denial of an aging *adverse* witness would unduly prejudice the party opposing the stay).

Plaintiffs further claim, without factual support, that they are suffering "irreparable harm" because they are not able to practice their religion. First, Plaintiffs sought a temporary restraining order on these grounds when this action was first filed. The TRO application was soundly rejected by this Court. (Defendants did not even submit opposition and learned of the denial only after they learned of the action in the first place.) Further, the facts developed under sworn testimony do not support the claim that 95 Halifax is essential to Plaintiffs' religious practices. See the attached deposition transcript of Chief Dwaine Perry, who explains that 95 Halifax is a site with no particular religious significance to Plaintiffs, and that their religion can be practiced at hundreds of sites within Mahwah and the neighboring towns. Further, Perry testified that the sites which Plaintiffs consider *sacred* are nearby. (*See* Deposition of Chief

Hon. James B. Clark, III
April 1, 2019
Page 10

Dwaine Perry attached hereto as **Exhibit A**, 32:22) In fact, the property was a farm. (**Exhibit A**, 27:17)

Finally, this Court should take note of the continuing and unsupported representation made by Plaintiffs with respect to Mahwah's position on the use of the land. Plaintiffs have routinely relied on the "fact" Mahwah's position is that two RMI members praying together on 95 Halifax Road constitutes a zoning violation. It is telling that, for this proposition, Plaintiffs never cite a source *other than* their own pleadings. We believe this is not correct, and are not aware the Township has even taken that position. While such an allegation sounds good, we are not aware of the Township ever taking that position

In their latest motion paper, they support this claim by citing to the FAC, an unverified pleading. Plaintiffs also claim in their Brief that HOA members "continually call the police if they attempt to utilize their land" by again citing to the FAC. The FAC was drafted in September and, again, because it is not a sworn statement, it is devoid of evidentiary value. Cross-citing to previously filed speculative, unsworn and unsupported pleadings is improper.

Query why the movants did not provide sworn statements in support of the present motion? Perhaps it is because Chief Perry recently testified under oath that Plaintiffs had reduced activity on 95 Halifax as a show of good faith and because they are trying to be "good neighbors," not because Plaintiffs feel intimidated or harassed. (*See* **Exhibit A**, 80:11)

The HOA agrees that the fact/fiction dichotomy must be parsed. But discovery should proceed in an orderly, judicious and proper manner, which requires settling the pleadings first.

3459195_2\190218

Hon. James B. Clark, III
April 1, 2019
Page 11

## CONCLUSION

For the foregoing reasons, discovery in this matter should be stayed until the pleadings have been settled and the parties can understand what discovery is proportionate, necessary and proper. It would not be fair to this Defendant to undertake expensive discovery. It has already provided the Plaintiff with 7,000 pages of documents in the late discovery demanded in the State Court action and submitted its former President to be deposed. The pleadings in this Federal case are simply far from being settled, and the Motion to Amend and Motion to Dismiss should take their course to determine if there is even a case in which discovery is necessary.

Thank you.

Respectfully submitted,

*/s/ Arthur N. Chagaris, Esq.*
Arthur N. Chagaris

Cc: Counsel of Record (via ECF)
Hon. Claire C. Cecchi, U.S.D.J.

3459195_2\190218