# CLEARY | GIACOBBE | ALFIERI | JACOBS LLC

RUBY KUMAR-THOMPSON, Partner
rkumarthompson@cgajlaw.com

**Reply to: Oakland Office**

April 8, 2019

**ELECTRONICALLY FILED**
Claire C. Cecchi, U.S.D.J.
District of New Jersey
Martin Luther King, Jr. Federal
Building and Courthouse
50 Walnut Street, Room 2060
Newark, New Jersey 07103

   *Re:* **Ramapough Mountain Indians, Inc., et al. v. Township of Mahwah, et al.**
      **Civil Action No. 2:18-cv-09228-CCC-JBC**

Dear Judge Cecchi:

  This office represents Township of Mahwah, Geraldine Entrup, and Thomas Mulvey (hereinafter "Mahwah Defendants") in the above-captioned matter. Recently, two Assistant United States Attorneys filed a statement of interest in support of Plaintiff's motion for leave to amend the Complaint pursuant to 28 U.S.C. §517 on behalf of the Civil Rights Division. According to F.R.C.P. 29, the United States need not obtain consent of the parties or leave of court to file an amicus brief in support of a litigant in the district Court. See also 28 U.S.C. §517.

  However, F.R.C.P. 29 also provides, in relevant part, that such a brief must be filed no later than seven (7) days after the principal brief of the party being supported is filed. Otherwise, the brief may be stricken and disregarded by a district court. See U.S. ex rel. Gudur v. Deloitte Consulting LLP, 512 F.Supp.2d 920, 928-29 (S.D. Tex. 2007) (where leave to file its statement of interest was not sought and it was filed more than five months after the motion was initially filed, it would be stricken); aff'd sub nom. U.S. ex rel. Gudur v. Deloitte & Touche, No. 07-20414, 2008 WL 3244000 (5th Cir., August 7, 2008). Thus, in U.S. ex rel. Paulos v. Stryker Corp., No. 111-0041-cv-W-ODS, 2013 WL 9557750, (W. D. Mo., May 28, 2013), the district court noted that after the defendants' reply brief was filed and briefing was complete on the defendant's motion to dismiss, the government had no right to respond to said motion with a statement of interest, irrespective of whether they were entitled to intervene in the action as a matter of right or as an amicus. Id. at *1. Likewise, in LSP Transmission Holdings, LLC v. Lange, 329 F.Supp.3d 695 (D. Minn., June 21, 2018) the district court declined to permit a statement of interest as it was filed two and one-half months after briefing was completed on a motion to dismiss and

**Oakland Office: 169 Ramapo Valley Road, UL 105, Oakland, NJ 07436 Tel 973 845-6700 Fax 201 644-7601**
Somerville Office: 50 Division Street, Suite 501, Somerville, NJ 08876 Tel 732 583-7474 Fax 201 644-7601
Matawan Office: 955 State Route 34, Suite 200, Matawan, NJ 07747 Tel 732 583-7474 Fax 732 290-0753

www.cgajlaw.com

Claire C. Cecchi, U.S.D.J.
Re: Ramapough Mountain Indians v Township of Mahwah
**Civil Action No. 2:18-cv-09228-CCC-JBC**
April 8, 2019
Page 2 of 2
_____

did not contain any information that was useful or otherwise necessary to the administration of justice. Id. at 703-04.

Here, the Brief (or Statement of Interest) filed by the United States was filed more than five (5) months after Plaintiff first filed its motion for leave to amend the Complaint on September 21, 2018 (see ECF no. 42). Moreover, briefing as to Plaintiff's motion was fully completed on February 13, 2019 with the submission of Plaintiff's over-length Reply Brief (see ECF No. 75). There is no explanation submitted by the United States as to the reason for the delay in filing a Notice of Appearance and a Statement of Interest in support of Plaintiff's September 2018 Motion to Amend the Complaint. In addition, the arguments submitted by the United States in support of Ramapough's RLUIPA claims are nothing more than a recapitulation of the very same arguments made by Ramapough in their Reply Brief. Similar to Ramapough's arguments in the Reply Brief, the United States relies solely on the unsupported allegations in the proposed Amended Complaint, which allegations are nothing more than hyperbole and many of which are clearly contradicted by the very documents which they reference. These arguments also present a fundamental misunderstanding of the history of the Ramapough's use of the Property at issue, the state court litigations involving said use, the summonses at issue, as well as New Jersey Land Use law. Some of these misunderstandings and half-truths have been addressed by Mahwah in their Opposition to Plaintiff's Motion to lift the Stay of Discovery in this case (see ECF No. 84). Accordingly, it is clear that the submission by the United States is neither useful nor necessary to the administration of justice.

For all of the foregoing reasons, it is respectfully requested that this Court disregard the Statement of Interest in its entirety when deciding whether Plaintiffs have stated a claim for violation of RLUIPA, and for any other rights alleged in connection with their blatant disregard for Mahwah's land use procedures and zoning laws. It is further requested in the event that same is not disregarded, that Your Honor consider the substantive arguments set forth by Mahwah in their Letter Brief Opposing Plaintiff's Motion to Lift the Stay of Discovery.

Counsel appreciates Your Honor's kind courtesies in this regard.

Respectfully submitted,
 s/ Ruby Kumar-Thompson
RUBY KUMAR-THOMPSON, ESQ.

RKT: cms
cc:  Honorable James B. Clark, III, U.S.M.J. *(via ECF only)*
   All counsel of Record (*via ECF only*)