Diane P. Sullivan
WEIL, GOTSHAL & MANGES LLP
17 Hulfish Street, Suite 201
Princeton, NJ 08542
(609)-986-1120

Baher Azmy
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
(212) 614-6464

Valeria A. Gheorghiu
Law Office of Valeria A. Gheorghiu
113 Green Street, Suite 2
Kingston, NY 12401
(914) 772-7194

Jonathan Wallace (admitted *pro hac vice*)
P.O. Box 728
Amagansett, New York 11930
(917) 359-6234

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMAPOUGH MOUNTAIN INDIANS, INC., and RAMAPOUGH LENAPE NATION<br><br>Plaintiffs,<br><br>-against-<br><br>THE TOWNSHIP OF MAHWAH, RAMAPO HUNT & POLO CLUB ASSOCIATION, INC., GERALDINE ENTRUP, THOMAS MULVEY,<br><br>Defendants. | Civ. No. 2:18-cv-09228 |

1

Plaintiffs Ramapough Mountain Indians, Inc. and the Ramapough Lenape Nation, (collectively, "Plaintiffs") respectfully submit this memorandum of law in further support of their Motion to Lift Discovery Stay pursuant to Federal Rule of Civil Procedure 26 and in reply to oppositions from Defendants the Township of Mahwah, including Geraldine Entrup and Thomas Mulvey (collectively, "Mahwah") and the Ramapo Hunt & Polo Club Association, Inc. ("HOA") (all collectively, "Defendants").

## PRELIMINARY STATEMENT

Plaintiffs' Motion to Lift the Discovery Stay (*see* ECF No. 79, "Motion") seeks only to expedite the lengthy litigation process in order for Plaintiffs to be able to pray and utilize their ceremonial land, without interference.  Contrary to HOA's inexplicable assertion, Plaintiffs' Motion is not a "motion for a stay," (*see* ECF No. 85, HOA Opposition to Plaintiffs' Motion to Lift Discovery Stay ("HOA Opp.") at 4); it is a motion to lift the stay that was sue sponte ordered by Magistrate Judge Clark. As Plaintiffs' motion clearly laid out, neither Defendant moved for the stay, and thus the propriety of discovery has not yet been considered under controlling legal standards. *See* Motion at 4.  This motion presents that opportunity.

As the HOA acknowledges, a stay of discovery is only proper if: 1) denial of the stay would create a clear case of hardship or inequity for the moving party; 2) a stay would simplify the issues and the trial of the case; and 3) a stay would not unduly prejudice or present a clear tactical disadvantage to the non-moving party. *Actelion Pharms, Ltd. v. Apotex, Inc.*, No. 12-5743, 2013 WL 5524078, *3 (D.N.J. Sept. 6, 2013); HOA Opp. at 4. Mahwah fails to even articulate this standard, much less address each element.[1] *See* ECF No. 84, Mahwah's Opposition

---

[1] Indeed, Mahwah's Opposition is so strangely off-topic, as to suggest it was filed for entirely different reasons than opposing discovery. It bears noting that Mahwah's legal arguments closely track the bullet-points the HOA identified when it sought leave from Judge Cecchi to submit a sur-reply in opposition to Plaintiffs' Motion to Amend the Complaint. *See* ECF NO. 77 (HOA's Req. for sur-reply). That request was never ruled on, which *should*

to Plaintiffs' Motion to Lift Discovery Stay, ("Mahwah Opp."). Instead, a significant portion of Mahwah's Opposition (along with parts of the HOA's) is wholly irrelevant to the discovery question before the Court. Defendants introduce evidence seeking to refute the factual allegations in the First Amendment Complaint (FAC), which is not only inappropriate at this stage of litigation, but somewhat ironic in a brief that is meant to oppose the need for discovery. For example, both Defendants contest Plaintiffs' allegation that Mahwah has taken the position that two Ramapough praying in the open air, on their own land, would require a zoning permit. Mahwah Opp. at 17; HOA Opp. at 10.  In fact, the transcript cited by Mahwah corroborates this allegation, and the HOA has even taken the position that *no religious activity* can be conducted on the land in question, at all. *See* Mahwah Opp. at 17; Ex. B at 61-62; ECF No. 42 Ex. F (HOA's Order to Show Cause). Regardless, factual disputes have no relevance to the pending motion. Because Defendants fail to meet any of the requirements for staying discovery, the stay should be lifted.

I.   **DISCOVERY WILL NOT IMPOSE SEVERE HARSHIP ON DEFENDANTS**

Defendants ignore completely Plaintiffs' opening argument as to prejudice: that Defendants' previous agreement to commence discovery belies any subsequent argument that discovery would result in a severe hardship. It seems they have no response.

Nor do Defendants identity what specific hardship they will suffer if the stay of discovery is lifted. Mahwah does not address this factor at all, and the HOA's only argument is that conducting discovery would be difficult. HOA Opp. at 5-6. This is not the identification of any particularized hardship, as required by the controlling jurisprudence. *See Actelion Pharms, Ltd.*, 2013 WL 5524078, at *3. Discovery is a part of litigation, not a hardship in itself. Further, any

---

have prevented Defendants' from submitting a sur-reply. D.N.J. Local R. 7.1(6). Instead, Mahwah's Opposition appears to be just that. Indeed, Mahwah's latest filing (ECF.  No. 86) explicitly requests that the Court consider their Opposition as a substantive response to the Motion for Leave to Amend.

argument that HOA lacks the capacity to conduct discovery is betrayed by their own conduct.

HOA has filed multiple lawsuits against Plaintiffs. FAC ¶ 73. In fact, on the same day

Defendants' Opposition briefs were filed, HOA filed a new lawsuit seeking to strip Plaintiffs of

tax exempt status. *See* 2019 Real Property Tax Complaint, *Ramapo Hunt & Polo Club Ass'n,*

*Inc. v. Twp. of Mahwah & Ramapough Mountain Indians, Inc.*, Case No. 008145-2019 (N.J. Tax

Ct. April 1, 2019), Dkt. No. 1. If HOA has the capacity to bring additional litigation against

Plaintiffs, it is hard to understand why they cannot commence standard discovery.

II.      **STAYING DISCOVERY WILL NOT SIMPLIFY ISSUES FOR TRIAL**

The HOA argues that discovery is inappropriate during the pending motion to amend,

because they do not know which complaint will ultimately be at issue in the case. HOA Opp. at

6-7. This argument might be compelling if the proposed amended complaint raised completely

unrelated claims and facts from the first, but that is not the case.  The stay of discovery will not

simplify issues for trial because, as Plaintiffs previously pointed out, the same universe of

discovery is relevant to both versions of the Complaint. Motion at 6. To the extent there is any

discovery that would only be relevant to one or the other, it is a simple matter to defer that

discovery to after the Motion to Amend is ruled on.

Mahwah does not provide an actual response to this factor, but instead cites law from

outside the circuit, indicating that a stay is appropriate whenever there is a dispositive motion

pending before a court. Mahwah Opp. at 3 (citing cases from the 11th Circuit and the 9th Ciruit).

There is no such motion pending at the moment, but even if there were, that is not the standard

used in the Third Circuit. *See Adriana Castro, M.D., P.A. v. Sanofi Pasteur Inc.*, CV 11-7178

(JLL), 2012 WL 12918261, *1, *2 (D.N.J. July 18, 2012) (rejecting the defendant's motion to

stay discovery based on the filing of cross-motions to dismiss because the court was "unable to

4

find on the record before it that there [was] a 'clear and unmistakable result' that [it] could reach on the cross-motions"); *Gerald Chamales Corp.*, 247 F.R.D. at 454 (denying the defendants' motion to stay discovery based on the filing of a summary judgment motion because the court was "unable to conclude that there [was] only one result that could be reached.")

Reading its papers generously, with the actual legal standard in mind, Mahwah's lengthy discussion of zoning law (Mahwah Opp. at 5-20) could be interpreted as an attempt to establish that Defendants will succeed in their opposition to the Motion to Amend *and* prevail on a future motion to dismiss, and thus no discovery will be necessaryAs Plaintiffs' Reply in Support of the Motion to Amend the Complaint (ECF No. 75) and the Department of Justice's recent Statement of Interest demonstrates, this is unlikely.  *See* ECF No. 82 (Department of Justice opinion that Plaintiffs have adequately stated claims for relief, and those claims are ripe for federal court review).

Instead, Mahwah's lengthy exposition on the doctrine of pre-existing non-conforming use is nothing but an inappropriate Sur-Reply: Defendants argued that Amendment is futile because Plaintiffs' claims are not ripe for federal court review because Plaintiffs did not seek a zoning variance (*see* ECF No. 71, Mahwah Opposition to Motion at Amend at 8); Plaintiffs responded that there was no need to seek a variance, because they had the right to use the land as they had done since before it was zoned as conservation land (Reply at 12); so Defendants argue here to the contrary. While we disagree with Mahwah's characterization of the pre-existing non-conforming use doctrine, even if it were correct this completely ignores Plaintiffs' other arguments in support of ripeness: that Plaintiffs have already suffered a concrete injury, and that one need not seek a final ruling when it would be futile.[2] *See* Reply at 14-15; Department of

---

[2] Mahwah characterizes Plaintiffs' 2017 withdrawal of a variance application as "inexplicable," (*see* Mahwah Opp. at 12), but in fact, Plaintiffs withdrew their application after discovering the Township had already granted them a

Justice Statement of Interest at 22. Mahwah's transparent attempt to turn a discovery motion into dispositive briefing wastes this Court's time.

Lastly, Defendants' repeated attempts to characterize state litigation as resolving the issues in this case are irrelevant and without merit. While it is true that one of the state cases (currently on appeal) resulted in a finding that Plaintiffs violated Mahwah's zoning ordinance, that ruling was based solely only on the existence of a large tent erected on the property. The federal litigation concerns conduct that occurred subsequent to the filing of the State cases, and does not involve the tent. *See* Mahwah Opp. Exhibit A at 12. Defendants fail to establish how issues will be simplified at trial if the stay of discovery were to remain in place; thus, the discovery stay should be lifted.

### III.   PLAINTIFFS WILL BE PREJUDICED IF THE STAY IS NOT LIFTED

As for the third factor, Mahwah argues that a stay of discovery will not prejudice Plaintiffs, because they are already getting discovery in the state cases; and the HOA attempts to refute Plaintiffs' showing that discovery is necessary to preserve the testimony of elderly witnesses, and to promptly address the ongoing violation of Plaintiffs' fundamental right to religious freedom. Mahwah Opp. at 20-21; HOA Opp. at 9-10. Both arguments fail.

First, that there has been some discovery in several state cases is irrelevant to the stay of discovery in this case.  Plaintiffs advance claims before this Court that are not being litigated in any state case; for example, that Mahwah has violated the Religious Land Use and Institutionalized Persons Act (RLUIPA), and that Defendants are conspiring to violate Plaintiffs' right to equal protection under the law.  That there has been some limited discovery in a different case, with different claims, is not a ground to deny discovery here.  To the contrary—if any

---

zoning permit. FAC ¶¶ 10, 57. Mahwah's unilateral and highly irregular revocation of said permit in 2017 evidences the futility of forcing Plaintiffs to seek another.

discovery is relevant to both cases and has already been produced in the state case, all this does is undercut Defendants' burdensomeness argument—Defendants would suffer no hardship at all in producing already produced discovery again.

Second, the HOA fails to adequately address the irreparable harm that Plaintiffs are currently suffering. Plaintiffs are continuously harassed if they gather on their land, substantially burdening their fundamental right to practice their religion. This ongoing irreparable harm weighs in favor of the Court lifting the discovery stay. *Actelion Pharms, Ltd.*, 2013 WL 5524078 at *3; *Coyle v. Hornell Brewing Co.*, No. 08-cv-2797, 2009 WL 1652399, *3 (D.N.J. June 9, 2009).

The HOA seeks to contradict Plaintiffs' claim of irreparable harm by mischaracterizing discovery it has taken in the state case. *See* HOA Opp. at 9-10, HOA Opp. Exhibit A. First, they assert that Chief Perry testified that "95 Halifax is a site with no particular religious significance to Plaintiffs, and that their religion can be practiced at hundreds of sites within Mahwah and the neighboring towns." HOA opp. at 9. But this directly contradicts the allegations of the complaint; HOA does not provide a citation, and its exhibit—excerpting Chief Perry's deposition—includes nothing of the sort. *See* HOA Opp. Exhibit A.

Indeed, HOA's mischaracterization of Chief Perry's deposition borders on purposefully misleading this Court. The HOA claims that Plaintiffs' reduced use of 95 Halifax does not reflect chilling of their fundamental rights, but rather is due to the Ramapough wanting to be "good neighbors." HOA Opp. at 10. But the transcript clearly shows that Chief Perry commented about wanting to "get along with [their] neighbors" in response to questioning from opposing counsel concerning Plaintiffs' intention to erect any additional "structures" on the land.  HOA Opp. Exhibit A (80:11). The HOA's mischaracterization and misleading summary of Chief Perry's

deposition wholly fails to refute the real hardship that Plaintiffs are suffering and will suffer until this case is allowed to proceed. [3]

## CONCLUSION

Defendants previously agreed to commence discovery; their briefs in Opposition to Plaintiffs' Motion to Lift the Discovery Stay provide no adequate argument as to why they should not be held to that agreement. They will not suffer severe hardship, but will simply be subjected to the traditional requirements of litigation. The issues at trial will not be simplified by the stay since the same universe of discovery is relevant regardless of whether the Motion to Amend is granted, and to the extent it is not, Plaintiffs will initially limit discovery accordingly. Lastly, Plaintiffs are suffering a continuous violation of their fundamental rights to religious practice; each day the stay remains in place prolongs that violation. As such, this Court should grant Plaintiffs' Motion to Lift the Discovery Stay.

Dated:    New York, New York
          April 8, 2019                    /s/ *Baher Azmy*
                                           Baher Azmy
                                           Rachel Meeropol, *pro hac vice*
                                           Darius Charney, *pro hac vice*
                                           CENTER FOR CONSTITUTIONAL RIGHTS
                                           666 Broadway, 7th Floor
                                           New York, NY 10012
                                           (212) 614-6464

                                           Diane P. Sullivan
                                           WEIL, GOTSHAL & MANGES LLP
                                           17 Hulfish Street, Suite 201
                                           Princeton, NJ 0854

---

[3] The HOA also argues that Plaintiffs' failed to identify any *adverse* witnesses that are advanced in age (HOA Opp. at 9); however, "whether it is the plaintiff or the defendant who wishes to perpetuate his own testimony or that of another party or witness is of no moment if the inability to do so would result, as in this case, in a failure or delay of justice." *19th St. Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 350 (E.D. Pa. 2000) (internal citations omitted).

(609) 986-1120
diane.sullivan@weil.com

Jonathan Wallace (admitted *pro hac vice*)
P.O. Box 728
Amagansett, New York 11930
(917) 359-6234

*Attorneys for Plaintiffs*