

# U.S. Department of Justice

_____

| United States Attorney's Office<br>District of New Jersey | Civil Rights Division<br>Housing and Civil Enforcement Section |
|---|---|
| *U.S. Mail:*    *970 Broad Street 7th Floor*<br>               *Newark, New Jersey 07102*<br>*Telephone:*   *(973) 645-2700*<br>*Facsimile:*   *(973) 645-2702* | *U.S. Mail:*    *950 Pennsylvania Avenue, NW - G St.*<br>               *Washington, DC  20530*<br>*Overnight:*  *1800 G Street, NW*<br>               *Suite 7002*<br>               *Washington, DC  20006*<br>*Telephone:*   *(202) 514-4713*<br>*Facsimile:*   *(202) 514-1116* |

April 10, 2019

**By ECF**
The Honorable Claire C. Cecchi
United States District Judge
Martin Luther King, Jr. Federal
Building and Courthouse
50 Walnut Street
Newark, New Jersey 07101

       Re:    ***Ramapough Mountain Indians, Inc. v. Township of Mahwah et al.*, Civil Action No. 2:18-cv-9228 (CCC) (JBC)**

Dear Judge Cecchi:

      The United States respectfully requests that this Court deny defendant Township of Mahwah's ("Township") April 8, 2019 letter request to strike the Statement of Interest filed by the United States America in this matter. *See* ECF No. 86. The Township articulates no basis for the Court to grant the request. The Statement of Interest ("Statement," ECF No. 82) appropriately sets forth the United States' views on the proper interpretation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc-(a)(1) and (b)(1), is not untimely, and does not prejudice the Township.

      The United States is authorized by 28 U.S.C. § 517 to file a statement of interest "in any case in which it is interested." *Gross v. German Found. Indus. Initiative*, 456 F.3d 363, 384 (3d Cir. 2006). The United States—and the Department of Justice as the agency charged with enforcement—has a strong interest in ensuring

the consistent and correct application of RLUIPA.[1]  *See* 42 U.S.C. § 2000cc-2(f).[2]  The Township's briefing reflects a misunderstanding of ripeness and of the substantial burden and unequal terms provisions of RLUIPA.  By way of example, the Township asserts that an equal terms claim requires a showing of substantial burden and suggests that plaintiffs may never raise a substantial burden claim when there is additional land use process available.  These incorrect assertions implicate the United States' interest in ensuring consistent application of RLUIPA across the country.  *See Alvey v. Gualtieri*, No. 15-cv-1861, 2016 WL 6071746, at *2 (M.D. Fla. Oct. 17, 2016) (denying motion to strike United States' statement of interest because it was timely, not redundant, and provided the "valuable perspective" of the Department of Justice).[3]

---

[1] The United States has frequently filed statements of interest to explain its views on the proper interpretation of RLUIPA.  *See, e.g.*, Statement of Interest, *Christian Fellowship Ctrs. of NY, Inc. v. Vill. of Canton,* No. 8:19-cv-00191, ECF No. 27 (N.D.N.Y. March 26, 2019), https://www.justice.gov/crt/case-document/statement-interest-christian-fellowship-centers-ny-inc-v-village-canton-ny-ndny; Statement of Interest, *Garden State Islamic Ctr. v. City of Vineland*, No. 17-cv-1209, ECF No. 15 (D.N.J. Sep. 5, 2017), https://www.justice.gov/crt/case-document/file/994826/download; Statement of Interest, *Congregation Etz Chaim v. City of Los Angeles*, No. 10-cv-01587 (C.D. Cal. Nov. 1, 2010), https://www.justice.gov/sites/default/files/crt/legacy/2010/12/14/etzchaim_soi_11-1-10.pdf.; *Albanian Associated Fund v. Twp. of Wayne*, No. 06-cv-3217, ECF No. 102-4 (D.N.J. July 19, 2007), https://www.justice.gov/crt/about/hce/documents/albanian_brief.pdf.

[2] Courts in this district routinely allow the government to file statements of interest pursuant to Section 517, including in RLUIPA cases.  *See Garden State Islamic Ctr. v. City of Vineland*, 358 F. Supp. 3d 377, 379 (D.N.J. 2018) (considering the United States' statement of interest at the motion to dismiss stage of a RLUIPA case); *Druding v. Care Alts., Inc.*, 346 F. Supp. 3d 669, 677 (D.N.J. 2018) (considering statement of interest filed pursuant to 28 U.S.C. § 517); *Jaye v. Hoffman*, No. 16-cv-7771, 2017 WL 2951430, at *2 (D.N.J. July 10, 2017) (same), *appeal dismissed*, No. 17-2573, 2017 WL 7036524 (3d Cir. Nov. 7, 2017); *Ali v. City of Newark*, No. 15-cv-8374, 2016 WL 3014401, at *2 (D.N.J. May 25, 2016) (same).

[3] The Township objects to the Statement's reliance on the allegations in the proposed amended complaint.  As set forth in the Statement, the United States takes no position on whether the underlying allegations are true.  Courts apply the standard applicable to Rule 12(b)(6) motions to dismiss when considering futility arguments in opposition to motions for leave to amend.  *Shane v. Fauver*, 213 F. 3d 113, 115 (3d Cir. 2000).  That standard assumes that the allegations in the complaint are true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Section 517 "contains no time limitation and does not require the Court's leave." *Karnoski v. Trump*, No. 18-cv-51013, 2018 WL 4501484, at *2 (E.D. Mich. Sept. 20, 2018); *see also Gil v. Winn Dixie Stores, Inc.*, 242 F. Supp. 3d 1315, 1317 (S.D. Fla. 2017).[4] Courts have struck statements of interest on timeliness grounds only when those statements "were filed egregiously late." *Creedle v. Gimenez*, No. 17-cv-22477, 2017 WL 5159602, at *3 (S.D. Fla. Nov. 7, 2017) (citation omitted); *cf. LSP Transmission Holdings, LLC v. Lange*, 329 F. Supp. 3d 695, 703 (D. Minn. 2018) (striking statement of interest filed "two and one-half months after briefing was completed" but nonetheless reviewing the statement). Courts construe Section 517 broadly and routinely deny motions to strike a statement of interest "'unless [they] have no possible relation to the controversy and may cause prejudice to one of the parties.'" *Jaye,* 2017 WL 2951430, at *2 (quoting *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 217 (D.N.J. 1993)); *see also Newborn Bros. Co. v. Albion Eng'g Co.*, 299 F.R.D. 90, 94 (D.N.J. 2014). In the rare instance when a court has stricken a statement of interest as untimely, it has done so after a finding of prejudice. *See U.S. ex rel. Gudur v. Deloitte Consulting LLP,* 512 F. Supp. 2d 920, 928-29 (S.D. Tex. 2007), *aff'd sub nom.,* No. 07-20414, 2008 WL 3244000 (5th Cir. Aug. 7, 2008). Here, the United States filed its Statement shortly after the Ramapough filed their reply brief and before the parties briefed discovery stay issues that further discussed the merits of the Ramapough's motion for leave to amend the complaint. The Township has already presented its arguments in response to the Statement to the Court, *see* ECF No. 84 at 5-20, and the United States does not oppose the Township's request that the Court consider those arguments. Accordingly, allowing the Statement would cause no prejudice to the Township. *See Jaye,* 2017 WL 2951430, at *2.

The cases cited by the Township afford no basis to strike the Statement. In *Gudor*, a private action brought under the False Claims Act—a statute that requires notification and service on the United States at the beginning of a case when a *qui tam* action is filed, *see* 31 U.S.C. 3730(b)(2)—the United States sought to file a statement of interest regarding summary judgement nearly three months after the briefing was complete and after the court-ordered deadline for any submissions related to the pending motion had expired. 512 F. Supp. 2d at 928-29. Notably, the Court did not discuss or cite to Section 517. Similarly, in *U.S. ex rel. Paulos v. Stryker Corp.*, another False Claims Act case, the court granted a motion to strike a statement of interest, only after noting that "[t]he Government had a lengthy opportunity to consider whether to become involved in this suit, and opted not to do so." No. 11-cv-0041, 2013 WL 9557750, at *1 (W.D. Mo. May 28, 2013). There is no comparable

---

[4] The Township twice cites "F.R.C.P. 29," which governs stipulations in discovery, to support an argument that the Statement is untimely. *See* Fed. R. Civ. P. 29. The United States presumes that the Township meant to refer to Federal Rule of Appellate Procedure 29, which provides for the filing of amicus briefs by the United States in a Court of Appeals. *See id.* Section 517, not the Rules of Appellate Procedure, governs the filing of a statement of interest in this District Court action.

3

prejudice here because the Township has already provided itself with the opportunity to offer the Court its views on the Statement in its 21-page brief opposing plaintiff's motion to lift the discovery stay.  See ECF No. 84.[5]

For the foregoing reasons, the United States respectfully requests that the Court deny the Township's request to strike the Statement of Interest.

Respectfully submitted,

CRAIG CARPENITO
United States Attorney
District of New Jersey

By:   /s/ Susan Millenky
SUSAN MILLENKY
Assistant United States Attorney

/s/ Michael E. Campion
MICHAEL E. CAMPION
Chief, Civil Rights Unit
Assistant United States Attorney

District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07102
Phone: (973) 297-2067
Email: susan.millenky@usdoj.gov

/s/ Noah D. Sacks
ERIC S. DREIBAND
Assistant Attorney General
SAMEENA SHINA MAJEED
Chief
NOAH D. SACKS
Trial Attorney

---

[5] A non-government defendant in this action, the Ramapough Hunt & Polo Club Association, Inc., has filed a "Notice of Intent to File a Motion to Strike the Department of Justice's March 18, 2019 Statement of Interest." See ECF No. 88. The United States respectfully notes that the Statement pertains only to the RLUIPA claims at issue in this action, and that plaintiffs assert no RLUIPA claims against the Ramapough Hunt & Polo Club.

        United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Ave., N.W.
Northwestern Building, 7th Floor
Washington, D.C. 20530
Tel: (202) 514-4737
Fax: (202) 514-1116
noah.sacks@usdoj.gov

Attorneys for the United States of America